MacDONNELL v. MAIERS et al.

No. 20357. Opinion Filed Sept. 8, 1931.

Rehearing Denied Oct. 13, 1931.

F. E. Riddle and F. G. Viger, for plaintiff in error.

A. C. Saunders and Fred D. Oiler, for defendants in error.

LESTER, C. J. The parties will be referred to as they appeared in the court below.

This is an appeal from the district court of Tulsa county, Okla. Action by J. F. Maiers against A. D. MacDonnell et al.; the said cause filed on the 6th day of June, 1928,

and set for hearing on the 19th day of October, 1928. On the 16th day of July, 1928, the defendant A. D. MacDonnell filed his answer of general denial. On the 16th day of July, S. P. Daniels filed his answer of general denial. Defendant Don McDonald failed to appear or answer. Thereafter, on the 19th day of October, 1928, the cause was called for trial. The plaintiff and defendant S. P. Daniels each waived jury, and same was submitted to the court without the intervention of a jury. The defendant A. D. MacDonnell and Don McDonald failed to appear, the court thereupon proceeded to examine the pleadings, and from said examination found that the defendants and each of them had theretofore been duly and legally served with summons more than 20 days prior to the commencement of said action as required by law, that the defendant A. D. MacDonnell had filed his answer of general denial, and that the defendant Don McDonald had failed to answer or plead to the petition, and the court then proceeded to, and did hear the evidence of the witnesses, and at the conclusion of said testimony the defendant S. P. Daniels demurred to the testimony, and same was sustained by the court, and the court thereupon rendered judgment against the other defendants and each of them.

The defendant A. D. MacDonald filed his motion to vacate said judgment on the 22nd day of October, 1928, attaching thereto a copy of the answer as Exhibit "A."

Thereafter, on the 26th day of October, the plaintiff filed a motion to strike the motion to vacate, and on the 15th day of December, 1928, same being the regular November term of said court, said motion to vacate judgment came on for hearing, and same was by the court overruled. Motion for new trial was filed, overruled, exceptions reserved.

While said cause was pending upon an extension of time in which to appeal, and after the term of court had expired and at the subsequent term of said court, the defendant filed his amended motion or supplemental motion to vacate said judgment. The court, upon hearing same, did, on the 18th day of February, 1928, make an order overruling the supplemental motion of defendant, and fixed the time of appeal to extend from the original time extended, and granted additional time to prepare and serve case-made, including the amended motion to vacate said judgment. The defendant, upon the hearing of the amended motion, was permitted by the court to introduce the record made in support of the original motion to vacate.

It is contended by the plaintiff below that the defendant, in the first motion to vacate the judgment, failed to bring himself within the terms of section 810, C. O. S. 1921, and all or any part of the subdivisions thereof. The motion to vacate, omitting the formal parts, is as follows:

"For the reason that said defendant A. D. MacDonnell has no actual knowledge or notice, either through his attorney, or any personal notice in any way or manner, that case was set for trial on the 19th day of October, 1928; that his attorney, the undersigned, does not take the Legal News, which purports to publish the court dockets of the courts of Tulsa county, therefore, he, the said attorney, was without notice of the case being set for trial, as above stated; that said F. G. Viger, the defendant A. D. MacDonnell's attorney, met and conversed with the plaintiff's attorney, F. D. Oiler, upon several occasions since the case was placed upon this court docket for trial; that during all of the conversations which they had together, the said F. D. Oiler did not mention that the matter was set for trial, and the said F. D. Oiler knows that the said defendant A. D. MacDonnell, had a good and just defense to this action; that said A. D. MacDonnell did file answer, under oath, in this matter, denying generally and specially all matter set up in plaintiff's petition, and denying further that he, the said A. D. MacDonnell, had signed any memorandum or agreement, or made any contract with the plaintiff in any manner of form as alleged in plaintiff's petition, a copy of said answer is hereby attached and made a part of this motion, marked 'Exhibit A.'"

It will be seen from a reading of the motion to vacate that the defendant wholly failed to bring himself within the provisions of section 810, supra, as construed by this court in the case of Tracy v. State, 60 Okla. 109, 159 Pac. 496, in which case the court stated the following rule:

"The only ground upon which the motion to vacate the judgment is predicated is that neither Mat Wolf nor his attorney had notice of the setting of case for trial, which, in our opinion, is not sufficient ground upon which to vacate the judgment rendered."

The Tracy Case, supra, goes further, and states the rule to be that it is the duty of an attorney to be diligent in ascertaining when his clients' cases are set for hearing. We quote from the opinion:

"There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of every attorney to be diligent and ascertain when his case is set for trial."

The motion, supra, not coming within the terms of the statute as construed by this court, it follows that the trial court did not

err in overruling the motion to vacate and set aside said judgment on the grounds stated by the defendants. We find no error; therefore, the judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.