## WELEETKA LIGHT & WATER CO. v. BURLESON.

No. 3696.   Opinion Filed August 25, 1914.

(142 Pac. 1029.)

1. **PRINCIPAL AND AGENT—Duty of Agent.** An agent owes his principal the duty of diligence, integrity, and skill.

2. **SAME—Compensation of Agent—Forfeiture of Right.** A willful and fraudulent failure to account for moneys or property coming into the hands of an agent disentitles him to any compensation for his services; and a lesser degree of the wrong may disentitle him to more than reasonable compensation for the services performed or justify a deduction from the amount named in the contract of employment.

3. **SAME—Action for Compensation—General Denial—Issues.** In an action by an agent for stipulated compensation for services under a contract, a general denial puts in issue the faithfulness and fullness of performance of such services and permits inquiry into the manner and form of the performance.

4. **WITNESSES — Cross-Examination—Principal and Agent—Action for Compensation.** Where a plaintiff seeks to recover alleged due salary as compensation for services which include an accounting for sales and collections made by him, and his testimony in this respect is not full and clear nor free from other defects, it is error to disallow inquiry on cross-examination as to how much and how he paid over to defendant's former manager, who has left the state and to whom plaintiff testified on direct examination he had paid over a portion of such collections.

5. **SAME—Compensation for Services.** On cross-examination of a plaintiff claiming a salary due for personal services, it is "material" and proper to direct questions against the claim and manner and form of performance of such services and against faithfulness in such performance.

(Syllabus by Thacker, C.)

*Error from County Court, Okfuskee County;*
*Tom Hazelwood, Judge.*

Action by J. W. Burleson for salary for services, against the Weleetka Light & Water Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*E. G. Wilson* (*F. W. Casner,* of counsel), for plaintiff in error.

*C. B. Conner,* for defendant in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

On May 9, 1910, plaintiff filed his bill of particulars in the court of a justice of the peace, recovering judgment thereon on May 31, 1910, for $153.50 against defendant; and on March 9, 1911, in the county court, to which defendant had appealed, he obtained a verdict of a jury for the same amount.   Plaintiff in effect claimed that he, as agent, served defendant (whose plant and home office appears to have been at Weleetka) in selling and accounting for its ice and distilled water, and in matters incident thereto, at Okemah, from September 2, to December 14, or 15, 1909, at $50 per month and from March 1, to May 4, 1910, at $75 per month under contract made through its manager, J. H. Steger; that defendant paid him for his services in 1909, except a balance of $35 still owing; that defendant paid him $41.10, leaving a balance of $118.50 owing, for his services in 1910; and that he is entitled to recover said sum of $153.50 as the aggregate of the said balances owing.

Defendant appeared only specially to question the summons and service thereof in the justice's court, but, in the county court, answered by general denial and plea of payment, and upon the trial in the latter court claimed that there was no balance due plaintiff, but, to the contrary, he was more than $700 in arrears with it on account of moneys collected for it and wrongfully retained by him and ice and other property furnished him and unaccounted for; but there was no plea of counterclaim or set-off and no evidence given upon the plea of payment by the defendant, so any cross-examination of the plaintiff in respect to any matter not within the issue made by the general denial of his allegations of a total balance of $153.50 owing him for said services was improper.   However, this issue was broad enough to permit inquiry as to the manner and form in which plaintiff discharged the duties of his agency and as to whether he had faithfully or otherwise discharged the same, or had in any respect breached his contract.

Although slight misconduct in this regard may not be an absolute bar to recovery, a willful and fraudulent failure to account for moneys or property coming into his hands as such agent would undoubtedly disentitle him to any compensation whatever for his services; and a failure in a lesser degree of the wrong to faithfully and fully perform such duties of his employment may entitle defendant to a deduction from the amount of compensation claimed or disentitle plaintiff to recover more than reasonable compensation for the services performed without a plea of counterclaim or set-off; this being dependent upon the nature or character and extent of the failure.

The agent owes his principal diligence, integrity, and skill; and it is generally held that an agent forfeits all his rights to compensation by willfully neglecting to keep and render accurate account of his agency, or by rendering false accounts. 31 Cyc. 1456-1458, 1470-1475, and 1524-1526; 1 Wait's Actions & Defenses, 249-254 and 270, 271; *Sumner v. Reicheniker*, 9 Kan. 320; *Sipley v. Stickney*, 190 Mass. 43, 76 N. E. 226, 5 L. R. A. (N. S.) 469, and notes to last report, 112 Am. St. Rep. 309, 5 Ann. Cas. 611; *Doss v. Board of Directors of L. P. L. Dist.*, 96 Ark. 451, 132 S. W. 443; *Little v. Phipps*, 208 Mass. 331, 94 N. E. 260, 34 L. R. A. (N. S.) 1046; *Redwine v. Continental Realty Co.*, 184 Fed. 851, 107 C. C. A. 175; *Witte v. Storm*, 236 Mo. 470, 139 S. W. 384; *Myers v. Walker*, 31 Ill. 354; *Millinger v. Hartupee*, 53 Pa. 362; *Brannan v. Strauss*, 75 Ill. 234; *Segar v. Parrish*, 20 Grat. (Va.) 672.

On cross-examination plaintiff in effect said that in the discharge of his duties he collected moneys for defendant and deposited the same in his own name in the bank until the latter part of March, or in April, when he deposited it in the name of the Crystal Ice & Cold Storage Company, acting in accord with directions of defendant's manager in each instance; but his testimony was not full and clear nor free from other defects in respect to how he had performed the service for which he sought compensation; and defendant, evidently for the purpose of showing gross and fraudulent unfaithfulness in his services and that he had wrongfully retained at least enough of his collections and

converted or neglected to care for enough of defendant's property to more than set off the balance of the debt claimed, without in any manner accounting therefor, further cross-examined him as follows:

"Q. You say you put the money in the bank? A. Yes, sir. Q. What did you do with it then? A. I paid freight with part of it and paid feed bills, and Steger got part of it. Q. How much of it did you keep? A. I never kept any of it. Q. How much did you pay Steger? (Objected to as immaterial. Objection sustained.) Q. If you paid to Steger any part of this money which you collected and which you placed in the bank in your own name, state how you paid it, whether by cash or by check? (Objected to as immaterial. Objection sustained by the court. To which ruling of the court the defendant excepts.)"

Under section 4233, St. Okla. 1893, as amended by Sess. Laws 1905, p. 327 (section 5070, Rev. Laws 1910), the objection of "immateriality" should be deemed sufficiently comprehensive to include the objection of "improper cross-examination"; and it should be here stated that the direct examination immediately preceding the same had not touched on any question of counterclaim or set-off (which are not pleaded) nor upon any question of payment (to which it does not appear the questions disallowed were pertinent), and further that, while it is within the discretion of the court to permit the cross-examination of a party to extend beyond the matter inquired about in the direct examination, the general rule in this regard is the same as in examining other witnesses. Jones on Evidence (2d Ed.) sec. 836. But it does appear that the purpose of the disallowed questions included the purpose to show unfaithfulness and fraudulent remissness of duty in the very service for which plaintiff had testified in his direct examination he was entitled to compensation and to discredit his testimony that he had performed the service. At least, the questions do not appear to have been immaterial, but logically tended to aid the trial court in determining the issues.

In 1 Jones, Commentaries on Evidence, sec. 135, p. 659, in discussing the subject of "relevancy," it is said:

"Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issues."

In our opinion the questions disallowed were proper cross-examination and therefore "material."

Because of the error in disallowing the said questions, this case should be reversed and remanded for a new trial.

By the Court: It is so ordered.