## PARIS v. O'HARRO.

No. 13254—Opinion Filed Sept. 16, 1924.

**1. Appeal and Error—Questions of Fact—Verdict—Review.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

**2. Brokers—Right to Commission—Finding Purchaser.**

The inability of the prospective purchaser to complete the purchase is not available as an after-thought to defeat the right of the broker employed to find a purchaser to recover his agreed commissions, where the sale failed wholly through the fault of the owner, who made no objection to the purchaser.

**3. Same—Refusal of Owner to Sell.**

Where a broker, or agent, furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required to procure or tender to the seller an enforceable contract.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by J. B. O'Harro against C. B. Paris, for recovery of $200 commission on a sale of land. Judgment for plaintiff. Defendant brings error. Affrmed.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the justice of the peace court for Pauls Valley district, Garvin county, Okla., by J. B. O'Harro, defendant in error, plaintiff below, against C. B. Paris, plaintiff in error, defendant below, to recover $200 commission on a sale of land, belonging to plaintiff in error.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the lower court.

The bill of particulars alleges, in substance, that, under the contract between plaintiff and defendant, the defendant agreed to pay plaintiff the sum of $200 if he would secure a purchaser for the home of defendant, consisting of about five acres of land with the improvements thereon situated near Pauls Valley, Okla.; that the plaintiff secured a purchaser, who was able, ready and willing to take said premises at the agreed price of $4,500; that the defendant refused to enter into a contract for the sale of the land to purchaser, but agreed that he would not sell said premises to any one else, and that he would consummate the sale thereof to the proposed purchaser on the following Saturday, which was the 27th day of December, 1919; that on Friday, the 26th

day of December, 1919, the defendant, in utter disregard of his contract, sold said premises to a purchaser other than the one so furnished by the plaintiff, and that the defendant thereby became indebted to the plaintiff in the sum of $200 for which plaintiff prayed judgment.

The cause was tried to a jury in the justice of the peace court and a verdict rendered in favor of the plaintiff in the sum of $200, and an appeal taken to the district court of Garvin county by the defendant, and again tried to a jury, and a verdict returned in favor of the plaintiff in the sum of $200.

At the close of the testimony on the part of the plaintiff, the defendant demurred to the sufficiency of the evidence on part of the plaintiff, which was by the court overruled, and at the close of all the evidence moved for an instructed verdict, which motion was also overruled.

A motion for new trial was filed, heard, and overruled; exceptions reserved and judgment pronounced upon the verdict of the jury in favor of the plaintiff and against the defendant, in the sum of $200 and costs, from which judgment the cause comes regularly upon appeal to this court for review.

Attorneys for defendant set up three assignments of error, but content themselves to argue the same under one proposition, which is as follows:

"Undisputedly the defendant's farm was to be sold for $4,500 in cash. Jake Price, the proposed purchaser produced by plaintiff, did not have the money. He only had $3,000. He claims he intended to borrow the remainder of $1,500. No one was obligated by contract or otherwise to loan Jake Price a cent to enable him to pay the balance of the purchase price. These facts are admitted. Plaintiff therefore did not produce a purchaser who was able, willing and ready to buy upon the terms proposed by the defendant; and plaintiff completely failed to establish the essential element of his case. That being true the court should have sustained defendant's demurrer to the evidence and failing in that the court should have directed a verdict for defendant. The court's failure to do so constituted reversible error."

The evidence taken at the trial on part of the plaintiff disclosed that he made a special contract with the defendant, whereby he was to receive the sum of $200 commission for the sale of defendant's home for the sum of $4,500 in cash; that he produced a purchaser by the name of Price, who agreed to take the property at the agreed price of $4,500 in cash, and take the deed and make the trade on the day he inspected the premises; that defendant asked further time in order to secure a place into which to move; that the purchaser, Price, offered to put up a forfeit and enter into a written contract with the defendant, but the defendant said it was not necessary, that he would not sell the property to any one else and would close the deal with him on or before the following Saturday; that the purchaser, Price, had $3,000 in cash of his own and had made arrangements with Mr. O'Harro, the plaintiff, who was a real estate man and director in a bank, to let him have the balance of $1,500; that the defendant in the meantime saw Price and told him he thought $200 commission was too much commission to pay O'Harro, and asked if he did not think $100 would be sufficient for what O'Harro had done in the trade, and Price told him that was between him and O'Harro. That, on Friday before the Saturday at which time the trade was to be consummated, the defendant sold the property to one Shores, and refused to consummate the deal with the purchaser, Price, and to pay the commission of $200 to O'Harro.

This is the positive evidence of both O'Harro and Price, which is flatly denied by the defendant and partially contradicted by the defendant's daughter.

The jury had all the parties before it and so far as the contradiction in the evidence is concerned, this is settled by the verdict of the jury, and the rule to be applied here, as laid down in the case of American Oil & Refining Co. et al. v. Clements, 99 Okla. 204, 225 Pac. 349, is:

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

And the further rule, as laid down by this court in a long line of decisions, is that the demurrer should be overruled after:

"Admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith."

And the above last quoted rule is also applicable to the motion for an instructed verdict.

Then the only question here to be de-

termined is whether the plaintiff, having a contract for a commission of $200, which was settled by the verdict of the jury, under the facts in the case, presented a purchaser ready, willing, and able to make the payment of the $4,500 asked by the defendant for the property. In our opinion, the evidence was amply sufficient to show that Price was able, ready, and willing to purchase the property. He had $3,000 in cash and had arranged for the other $1,500 with the plaintiff, O'Harro, and both O'Harro and Price testified to this as a positive fact. The defendant, at the time, did not object to the purchaser and the contention urged here that he was not available as a purchaser seems to have been an afterthought of the defendant, and this can be of no avail to him, for, it is said in the case of Dotson v. Milliken (U. S.) 52 L. Ed. 768, in the fourth paragraph of the syllabus:

"The inability of the prospective purchaser to complete the purchase is not available as an afterthought to defeat the right of the broker employed to find a purchaser to recover his agreed commissions, where the sale failed wholly through the fault of the owner, who made no objection to the purchaser."

In the instant case the trade wholly failed through the fault of the owner, who made no objection to Price at the time he was presented by the plaintiff and the trade agreed upon.

Under all the authorities, it is not required that the purchaser should have all the money in his pocketbook, but he must have the purchase price at the date the sale is to be consummated. The date when this sale was to have been consummated was on Saturday. Price had made his arrangements for the money, but the defendant made the consummation of the trade impossible by selling to Shores on the Friday before, and, as was said in the case of American Oil & Refining Company et al., supra:

"Where a broker, or agent, furnishes a purchaser ready, willing and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and if thereafter the seller refuses to comply with his contract, the agent is not required to procure or tender to the seller an enforceable contract"

—which is supported by several cases decided by this court, among which are the cases of Bleeker v. Miller et al., 40 Okla. 374, 138 Pac. 809; Thornburgh v. Haun, 79 Okla. 103, 190 Pac. 1083.

The record discloses that the testimony in the case was conflicting. The issues involved were properly submitted to the jury

and under these circumstances the verdict of the jury will not be disturbed by this court upon appeal. We are clearly of the opinion that the trial court committed no error in overruling the demurrer to the evidence and refusing to give an instructed verdict in favor of the defendant, and that the verdict of the jury and the judgment of the court pronounced thereon in this case is fully sustained by the evidence.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.