### REESER v. CRAWFORD.

No. 19647. Opinion Filed Dec. 23, 1930.

Disney, Wheeler & Alcorn and Charles S. Piepgrass, for plaintiff in error.

Gerald F. O'Brien and Eugene O. Monnet, for defendant in error.

HEFNER, J. The defendant in error herein, as plaintiff, brought this suit against

the plaintiff in error herein, as defendant, for the recovery of a broker's commission for selling an undivided interest in certain oil and gas royalties on land situated in Seminole county, Okla. In accordance with plaintiff's contract of sale with the defendant, he entered into a sales contract with the Accumulative Royalties Corporation, as purchaser, which was as follows:

"December 10, 1927.

"The Accumulative Royalties Corporation agrees to purchase from E. I. Reeser, and the said E. I. Reeser hereby agrees to deliver to said Accumulative Royalties Corporation proper deed of conveyance in the usual form covering an undivided 3/79ths interest in and to the oil and gas and other minerals lying in and under the east half of the northwest quarter of section 14, township 8 north, range 5 east, Seminole county, Okla., containing 79 acres, subject oil and gas lease in favor of Barnsdall Oil Company et al., provided the title is approved by attorneys for Accumulative Royalties Corporation. Purchase price to be paid, to wit; $9,000 on or before twelve o'clock, a. m., December 12, 1927."

The defendant admits the employment of the plaintiff and pleads that by the terms of the contract the purchaser was to make the payment of the purchase price on or before 12 o'clock, December 10, 1927, and that the prospective purchaser failed to make the payment on or before the time fixed, and time being of the essence of the contract, the same was rescinded by the defendant.

The case was submitted to a jury, a verdict was returned in favor of the plaintiff for the amount sued for, and judgment was entered in accordance with the verdict. The appellant says the verdict and judgment is not sustained by sufficient evidence and is contrary to law, because in order to entitle plaintiff to recover it was necessary that he show by the preponderance of the evidence that there was a completed sale before noon on December 12, 1927, and this he did not do. In other words, the appellant contends that the commission was not to be paid until the completion of the sale, and that, inasmuch as the sale was not completed, no commission was due. Conceding this to be his contract with the broker, was the broker entitled to recover?

The attorney who represented the seller in the sale of the royalty testified in answer to the question: "Did you see anything more of Mr. Crawford before 12 o'clock noon on Monday 12th, and if so, where?" "Yes, sir; he was at our office, and as I was coming from the eighth floor to the ninth floor I met him. He was talking to Mr. Reeser and was about to go down the elevator when he came back to Reeser and said. 'You birds are not going to hold me to get this fellow over here by noon, are you?' He said 'You won't crumb the deal,' and Reeser said he certainly would, if he was not there by 12 o'clock, we would call the deal off."

The attorney was also asked to state whether or not he told the plaintiff he could have the royalty conveyances if he would get there by 12 o'clock. His answer was in the affirmative.

It therefore seems to us that this case turned upon the question as to whether or not the purchaser had approved the title to the property to be conveyed and was ready to deliver the purchase price at 12 o'clock noon on the 12th day of December, 1927. The plaintiff's witnesses testified that they were ready so to do and were at the office of the defendant on and a few minutes before that time. The defendant's witnesses testified that they were not there. On this issue the jury found against the defendant, and the record contains evidence which reasonably supports this finding, and for that reason the verdict is binding on this court as to the issues.

The defendant contends that the plaintiff was not entitled to his commission because the sale was not actually closed. In other words, according to his theory of the contract of employment, it had to be a completed transaction before the plaintiff was entitled to the commission. It is well settled that if the owner and broker stipulate that the broker shall be entitled to his commission only in the event that a sale is actually consummated within a specified time and if no sale is finally completed the broker is not entitled to his commission if the failure to complete the sale was because the purchaser failed to carry out the contract on his part or because the owner for reasonable cause refused to carry it out on his part. Huntley v. Smith (Minn.) 190 N. W. 341.

The defendant did not show a reasonable cause for not performing the contract. His defense was that the plaintiff did not have a purchaser ready, able, and willing to buy within the time provided in the contract. As to this defense the jury found against him. No other defense was offered. In fact his attorney in effect testified that the defendant would have closed the trans-

action had the consideration been tendered on or before noon, December 12, 1927.

It seems to us the record discloses that it was to have been a completed sale on or before that time. The jury in its general findings under the instructions of the court necessarily found that the purchaser had approved its title and was at the office of the defendant at the hour designated, had the consideration, and was ready to close the transaction.

Since the jury found the facts against the defendant and in favor of the plaintiff, we think the judgment of the trial court should be affirmed unless it should be reversed because of the court's instructions.

A careful reading of the instructions will disclose that the court very clearly submitted to the jury the theory of both the plaintiff and the defendant. We do not think they contain any errors that would justify this court in reversing the judgment. It follows that the judgment of the trial court should be, and is, affirmed.

LESTER, V. C. J., and CLARK, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, RILEY, and CULLISON, JJ., absent.

Note.—See under (1) 21 L. R. A. (N. S.) 328; 26 A. L. R. 784; 3 R. C. L. p. 305; R. C. L. Perm. Supp. p. 1180.