## FT. COBB OIL CO. v. PETERSON.

No. 20071. Opinion Filed June 16, 1931.

Gerald F. O'Brien, for plaintiff in error.

Shell Bassett, for defendant in error.

HEFNER, J. This is an action by J. P. Peterson against the Ft. Cobb Oil Company to recover a commission for the sale of oil royalties on five acres of land located in Seminole county.

The defense was that the property was not listed with plaintiff for sale, and that it was not sold through his effort, but was sold by defendant direct.

The trial was to a jury, resulting in a verdict and judgment in favor of plaintiff. Defendant appeals and assigns as errors the overruling of its motion for a directed verdict, admission of incompetent evidence, and failure to give certain requested instructions.

In our opinion, neither of these assignments is well taken. The evidence is conflicting. Plaintiff testifies that he was engaged and authorized by defendant to sell the property and that it agreed to pay him a 5 per cent. commission; that the property was sold through his efforts and that defendant refused to pay the commission. Plaintiff's evidence is corroborated by other witnesses. This evidence was sufficient to take the case to the jury notwithstanding defendant offered evidence to the contrary.

Exception is taken to the manner in which plaintiff was permitted to prove that his purchaser was able to buy the property. This question becomes immaterial for the reason that it is admitted that he was able to and did buy and pay defendant for the property.

In the case of Schlegel v. Fuller, 48 Okla. 134, 149 Pac. 1118, this court said:

"If a real estate broker claims a commission for his services, where no sale is actually consummated, then he must prove, by competent evidence, that he produced a purchaser able, ready, and willing to buy at the price and upon the terms fixed by the owner. But, where a sale is actually made and the deal closed by the owner himself, then the question of the ability, readiness, and willingness of the purchaser to buy is eliminated. And the fact that the owner himself closed the deal will be taken as conclusive that the terms were satisfactory to him."

The assignment as to the refusal of the court to give requested instructions cannot be sustained, for the reason that every charge requested is fairly covered by the general instructions.

It is also urged that there is a fatal variance between the proof and allegations of the petition. It is alleged in the petition that defendant authorized plaintiff to sell the property and agreed to pay him 5 per cent. commission. The proof conforms to this allegation.

Judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL and ANDREWS, JJ., absent.