## G. B. STONE REALTY CO. v. SCHLING-MAN.

No. 20623. Opinion Filed Dec. 20, 1932.

Adelbert Brown, Gordon Stater, and L. P. Oldham, for plaintiff in error.

Warren K. Snyder, for defendant in error.

CULLISON, J. Plaintiff, G. B. Stone Realty Company, instituted suit in the district court of Oklahoma county against H. Wm. Schlingman, defendant, to recover a real estate broker's commission of $525.

The cause was tried before a jury and resulted in judgment in favor of defendant and against the plaintiff. The plaintiff appeals and alleges as error: (1) The admission and rejection of certain evidence over the objection of plaintiff. (2) The refusal of the court to give certain special requested in-

structions, and the giving of erroneous instructions. (3) The refusal of the court to instruct the jury to return a verdict for plaintiff based upon the law and evidence in the case, and the refusal of the court to render judgment for plaintiff notwithstanding the verdict.

After a careful examination of the record, we think there is merit in each of the above contentions, and that the determination of the third assignment of error is sufficient to determine the issues herein.

The petition of plaintiff alleged, in substance: That the defendant listed certain Oklahome City real estate with the plaintiff for sale, and agreed to pay plaintiff as his commission 5 per cent. on the first, $5,000 of purchase price and 2½ per cent. on the balance of the purchase price. That within two weeks thereafter this plaintiff procured a purchaser for the said property, and that the defendant (owner of the property) entered into a written contract with the purchaser so furnished by plaintiff. agreeing to sell said property for $16,000, and that the prospective purchaser then paid $1.000 on such purchase contract, and that such written contract was signed by the defendant. and therein acknowledged the claim of this plaintiff for his commission. That plaintiff has performed all the conditions on its part, but that the defendant has refused to close said sale and pay the commission of $525 which is due and owing this plaintiff.

The written contract in question between the purchaser and the owner of the property, defendant herein, is in words and figures as follows, to wit:

"Agreement to Purchase.

"To Wm. H. Schlingman:

"I, the undersigned, hereby agree to purchase from you the following described real estate, situated in Oklahoma county, state of Oklahoma, to wit: (description omitted) at and for the price of sixteen thousand Dollars ($16.000). upon the following terms. to wit: Cash upon tender of warranty deed and abstract showing merchantable title. This offer is made with the understanding that the above-described property is not leased and is rented on a month to month basis. I hand to the G. B. Stone Realty Company as earnest money on this purchase my check for $500. Witness my hand this 2nd day of February, 1923.

"(Signed) E. A. Walker, Purchaser.

"The above agreement to purchase accepted this ____ day of February, 1928. I agree to furnish an abstract showing good and merchantable title to the above property and pay the G. B. Stone Realty Company a regular commission of $525.00.

"(Signed) H. W. Schlingman,
"Owner of said Property."

The answer of the defendant contains a general denial, admitting that he executed the contract of sale, supra, with the purchaser, and that he was the owner of the property. Defendant further alleged "that he did not agree to pay a commission to plaintiff for procuring the signature on the contract, but agreed to pay a commission, if any, as shown by said contract, when the transaction was consummated and some money was paid and the deal perfected and carried through." That the deal was never consummated, through no fault of the defendant. Defendant alleges compliance with the contract in furnishing to the purchaser an abstract of title free from defects, and that the purchaser failed to take the property and pay draft at the bank drawn on him for the amount of purchase. Defendant also alleged collusion between the plaintiff and purchaser of the property.

The cause was tried to the jury, and at the conclusion of the testimony plaintiff moved the court for an instructed verdict of the plaintiff. The motion for an instructed verdict in favor of plaintiff was overruled. Plaintiff excepted to the ruling of the court, and comes to this court on appeal.

After a careful examination of the evidence in the case, we think the substantial facts in the record disclose that defendant listed certain property with plaintiff for sale. That the plaintiff procured Mr. E. A. Walker, president of the Tradesmen's National Bank, as a purchaser for said property, who was ready, able, and willing to buy the property upon the terms and conditions mentioned by the defendant. That a written contract was signed by both the buyer and seller, wherein the plaintiff's commission is specifically provided for in the sum of $525. The record shows that defendant failed, neglected, and refused, through no fault of this plaintiff, to complete the sale of said property as agreed upon, and failed, neglected, and refused to pay plaintiff the agreed commission of $525, as set forth in the contract, supra. The record further shows that defendant came to the office of the plaintiff real estate company and desired to call the deal off, and that plaintiff company informed him at that

time that their commission was due and they would not agree to release the commission.

The record further discloses considerable correspondence between this plaintiff and defendant subsequent to the signing and accepting of the contract, supra, but the question of its admissibility is immaterial, since this cause must of necessity turn upon the fact as to whether or not the plaintiff had performed its duty under the terms of the contract. The commission due plaintiff was stated by defendant in his own acceptance of the contract with the purchaser, and was binding upon the defendant unless he (the defendant) could show that the purchaser refused to purchase the property under the terms thereof. We are unable to find from the record that plaintiff or purchaser failed to carry out the terms of the contract.

In the case of Thornburgh v. Haun, 79 Okla. 103, 190 P. 1083, it was held:

"Where a real estate broker furnishes a purchaser ready, willing, and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and, if thereafter the seller refused to comply with his contract, the agent is not required to procure or tender to the seller an enforceable contract."

We observe that, in the case at bar, an enforceable contract had been entered into between the seller and the purchaser procured by plaintiff.

The defendant's evidence admitting the execution of the contract was insufficient against plaintiff's claim. In view of the fact that the evidence affirmatively discloses that the plaintiff and the purchaser had fully performed their part of the contract, it necessarily follows that the plaintiff herein was entitled to a directed verdict, and the court erred in refusing the same. Defendant in his brief cites no court decisions in support of his contentions and does not assail any of the numerous authorities cited in plaintiff's brief, which we consider decisive of the case at bar.

The judgment of the trial court is reversed and remanded, with directions to render judgment for the plaintiff and against the defendant, for the sum of $525 and costs of this action.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.

Note.—See under (1) annotation in 44 L. R. A. 606; 23 A. L. R. 860; 4 R. C. L. 304, 305, 310; R. C. L. Perm. Supp. pp. 1108, 1111; R. C. L. Pocket Part, title "Brokers," § 50.