## McKEMIE v. COCHRAN.
No. 23370.   Dec, 11, 1934.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

A. L. Jeffrey, for defendant in error.

OSBORN, J. R. L. Cochran, hereinafter referred to as plaintiff, filed this action in the district court of Oklahoma county against Sue McKemie, hereinafter referred to as defendant, wherein it was sought to recover the sum of $500, as a broker's commission which it was alleged plaintiff had earned in handling a transaction for the exchange of real estate. The cause was tried to a jury and a verdict rendered in favor of plaintiff. From a judgment thereon, defendant has appealed.

It appears that defendant, who owned certain real estate in the city of Gainesville,

Tex., conceived the idea of exchanging her property for an apartment house in Oklahoma City. Plaintiff was a real estate broker located in Oklahoma City and was called to the residence of a kinsman of defendant in Oklahoma City, and was there informed by defendant as to the nature of the property she desired to obtain in Oklahoma City. Plaintiff showed her an eight-family brick apartment located at 412 West 25th street in Oklahoma City, and she stated that said property was about what she wanted. Thereafter a contract was executed between defendant and the owners of the property which is as follows:

"Whereas, Mrs. Sue McKemie is the owner of the following described real estate, situated in the county of Cook, and state of Texas, to wit:

" 'A six-room frame house located at 619 South Denton street and a two-story brick store and office building located on the southeast corner of the square, both in the town of Gainesville, Tex., and for legal description, reference is made to the deed in the hands of the new owner.'

"Subject to the following mortgages: None

"All taxes general and special, if any, shall be paid up to and including the year 1930, but not thereafter.

"And whereas, C. E. Duffner and R. A. Cravens are the owners of the following described real estate situated in the county of Oklahoma, and state of Oklahoma, to wit:

" 'An eight-family brick apartment located at 412 West 25th street, Oklahoma City, and for legal description reference is made to the deed in the hands of the owner, together with all the furniture, fixtures, of whatsoever nature therein.

"Subject to the following mortgage: One first mortgage, the balance due upon the principal is ($18,800) eighteen thousand and eight hundred dollars bearing 6% interest annually.

"All taxes general and special, if any shall be paid up to and including the year 1930, but not thereafter.

"Now therefore, this contract witnesseth, that for and in consideration of the stipulations and conditions herein set forth, that Mrs. Sue McKemie, party of the first part, hereby agrees with C. E. Duffner and R. A. Cravens, parties of the second part, as follows: That said first party will trade or exchange the aforesaid property as described and belonging to her, subject to the liens as above set forth, on her property, for the property described and set forth belonging to the said parties of the second part, subject to the liens as above set forth on their property.

"It is further agreed by and between each of the parties hereto that the said party of the first part, shall pay to the parties of the second part, a difference in the sum of eight thousand seven hundred dollars ($8,700) payable as follows, to wit: Cash

"It is also agreed by each of the parties to this contract that complete abstracts of title, for each of the aforesaid properties shall be furnished, showing a good merchantable title, subject only to the liens as above enumerated and set forth. And in the event that one or both of the titles should show any defects, a reasonable time shall be allowed for the correction and perfecting of the same.

"It is also specifically agreed by each of the parties to this contract that they each will and shall pay to their authorized agent, R. L. Cochran, a commission of regular per cent., as their compensation; and that the collection of said commission by our said agent, shall in no wise be held invalid or illegal by any court of competent jurisdiction; we each of us, Mrs. Sue McKemie and C. E. Duffner and R. A. Cravens, hereby waiving any and all of our rights, under and by virtue of any law or laws, that may be in conflict with this contract, in reference to the collecting of commission.

"Possession of the property owned by party of the first part shall be delivered in the same condition as it now is on or before the 1st day of December, 1930, upon final closing of trade and exchange two deeds.

"Possession of the property owned by parties of the second part shall be delivered in the same condition as it now is on or before the 1st day of December, 1930, upon final closing of trade and exchange two deeds.

"Special Agreements

"It is agreed that there is a full set of furnishing for both apartments as was originally furnished; that all rents and insurance to be prorated.

"This offer not binding upon Mrs. Sue McKemie except it be accepted by parties of the second part on or before December 1, 1930.

"The terms of this contract are to be complied with, and this deal closed on or before the first day of December, 1930, unless otherwise extended on account of perfecting title, as hereinabove recited.

"In witness whereof, we hereto subscribe our names in triplicate, each party to this contract and the agent retaining a copy this 17th day of November, 1930.

"Witness: Grace J. Ward    Sue McKemie
"Witness: R. L. Cochran    C. E. Duffner."

Plaintiff testified that when he prepared the contract he was under the impression that Duffner and Cravens were joint owners of the property, but after it was discovered

that the property was in the name of C. E. Duffner he considered it unnecessary to secure the signature of Cravens to the contract.

After the execution of the above contract, both parties submitted abstracts to R. R. Bell, an attorney who was satisfactory to defendant, and both titles were approved.

The record shows that on December 3, 1930, all of the parties met at the office of R. R. Bell, defendant's attorney; that R. A. Cravens was present and offered to sign the contract of exchange of real estate, if necessary, and both Duffner and Cravens expressed a desire to complete the transaction. After some consultation defendant announced that she would defer her decision until the following day, and the meeting adjourned. On the following day defendant left for her home in Washington, D. C., and notified her attorney, R. R. Bell, to inform the other parties that she would not go forward with the trade. Upon her return to the state at a later date, plaintiff secured service of summons upon her in this action.

Defendant contends that, since the contract by its own terms provides that the offer must be accepted by December 1, 1930, the same was not binding on her, and since Duffner and Cravens did not accept the proposition before December 1st, the plaintiff is not entitled to a commission. There is some conflict in the evidence as to whether or not the offer was accepted prior to December 1st, and the matter was submitted to the jury under the instructions of the court that they must find that the offer was accepted on or before December 1, 1930, in order to justify a verdict for plaintiff. By the verdict of the jury based on competent testimony, this issue is closed.

Defendant contends that in order for plaintiff to recover, it is not only necessary for him to find a purchaser who is ready, willing, and able to buy, but that he must procure from the purchaser a written agreement to buy which will be enforceable against him, citing Scott v. Kennedy, 152 Okla. 165, 3 P. (2d) 907. However, said case is not applicable here, for it is clearly pointed out therein that in order to earn a commission the broker must either secure a written agreement to buy or present the purchaser to the seller in order that an oral agreement of the purchaser to buy may be accepted by the seller. In that case the broker at no time ever presented the pur-

chaser to the seller or secured a written agreement to buy. The first case announcing the above doctrine is Gilliland v. Jaynes, 36 Okla. 563, 129 P. 8, where it was held that in order to recover a commission the broker must procure the written agreement from the purchaser provided the seller and purchaser have not come together and an oral agreement to buy accepted by the seller. This case is followed by Reynolds v. Anderson, 37 Okla. 368, 132 P. 322, where a similar state of facts existed. This rule has never been applied in a case where a broker has performed all of those duties incumbent upon him as a broker to effectuate a sale, that is, where he has found a purchaser who is ready, willing, and able to buy and presents said purchaser to the seller in order that an oral agreement may be made, or where he secures a written agreement to purchase which is enforceable by the seller. In the case of G. B. Stone Realty Co. v. Schlingman, 161 Okla. 80, 17 P. (2d) 499, it is said:

"Where a real estate broker furnished a purchaser ready, willing and able to buy upon the terms and conditions proposed by the seller, such agent has earned his commission, and his right thereto is not defeated by the fact that thereafter the seller refused to comply with the terms of the contract entered into between himself and the purchaser procured by said broker."

See, also. Sanders v. Mathews, 157 Okla. 223, 12 P. (2d) 873; Reeser v. Crawford, 147 Okla. 53, 294 P. 181; Moore v. Chadd, 166 Okla. 244, 27 P. (2d) 351; Paris v. O'Haro, 100 Okla. 264, 229 P. 161; Ft. Cobb Oil Co. v. Peterson, 149 Okla. 288, 300 P. 405; Pliler v. Thompson, 84 Okla. 200, 202 P. 1016; Berquist v. Thomas, 86 Okla. 214, 207 P. 964; Thornburgh v. Hann, 79 Okla. 103, 190 P. 1083; McCartney v. Shores, 77 Okla. 273, 188 P. 663; Bleecker v. Miller, 40 Okla. 374, 138 P. 809.

In the instant case plaintiff furnished to defendant a written contract which specifically provided the terms and conditions upon which the trade was to be made. The various provisions thereof with reference to title and other necessary conditions were fully complied with. The contract was therefore enforceable against the owners of the apartment house. The plaintiff also brought the parties together, and at such meeting the owners of the apartment house indicated their willingness to sign the necessary conveyances or to do whatever was necessary to complete the transaction. There was nothing further that plaintiff was required

to do in order to earn his commission. Defendant refused to carry out the terms of the contract which she had previously signed, and has shown no justifiable cause or reason therefor. In the light of the above authorities, plaintiff is clearly entitled to his recovery.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.