JOHNSON v. POWERS et al.

No. 29092.   March 10, 1941.

*111 P. 2d 191.*

Hoyt & Hoyt, of Oklahoma City, for plaintiff in error.

Leslie H. Norris, Warren H. Edwards, and T. Myron Pyle, Jr., all of Oklahoma City, for defendants in error.

BAYLESS, J. This is an appeal from the district court of Oklahoma county. J. C. Powers, Jr., sued D. G. Johnson and others for the specific performance of a contract to convey property and other relief, and this appeal followed the judgment rendered in the action.

Powers instituted the action by filing his petition alleging facts upon which he sought to enforce a contract entered into between him and Johnson to exchange real' estate. He joined Hall-Pointer, a copartnership, and others as defendants by the general allegation that they had or claimed some interest. in the property. Tom Pointer, one of the cross-petitioners in error, succeeded to the interests of the partnership. The other defendants are not now involved.

Johnson filed a pleading called an answer, wherein he defended generally against Powers' action, and set out certain allegations upon which he based a prayer for affirmative relief. He prayed that Powers have no relief against him, and that he have judgment against Powers for $500, forfeit provided in the contract, and judgment against Pointer for the return of $500, deposited by him as provided in the contract.

Pointer filed an answer wherein he pleaded (a) his succession to the rights of Hall-Pointer; (b) a denial of all of the allegations of plaintiff's petition except such as were later admitted; (c) set out the negotiation of the contract between Powers and Johnson wherein

the compensation to him, as agent of both of the contracting parties, and their liability to him thereon, was detailed; and (d) the deposit with him of $500 by Powers. He prayed judgment against Powers and Johnson for the respective sums stated in the contract.

Johnson filed a reply to Pointer's pleading, wherein he defended generally against the plea therein for judgment against him.

Powers thereupon filed an "Answer and Reply" to the pleading of Pointer, wherein he denied generally the allegations of Pointer's pleading and pleaded a breach on the part of Pointer of the duty and fidelity owing by him to Powers whereby he caused Powers prejudice, and, for that reason, forfeited any right to compensation.

These pleadings furnished the issues between the parties. It is to be noticed that Powers did not file a reply to Johnson's answer wherein damages were sought by Johnson. It is also to be noticed that Pointer was named as a defendant upon the general allegation that he had or claimed some interest in the real estate, but no such claim is made in his pleadings. He seeks only a money judgment, but no question was raised in the trial court respecting a misjoinder of parties defendant or causes of action, and nothing is said in the briefs on this point.

January 5, 1938, Pointer, as agent for both parties, negotiated a contract between Powers and Johnson whereby they agreed to exchange properties upon terms stated; each party to furnish an abstract showing merchantable title; each party to have a certain time within which to examine the abstract so submitted, and each party was to have a reasonable time within which to meet the requirements demanded by the other. Powers bound himself to pay Pointer $400, and Johnson bound himself to pay Pointer $100, "for . . . services in negotiating the contract." No issue is made respecting the execution of this contract, nor of its terms.

Powers charges Johnson, and his evidence tends to support the allegation, with breaching the terms of the contract in these respects: each of the parties was to deposit $500 with Pointer as a forfeit for failure to perform, and Powers did this, but Johnson, unobserved by Powers or Pointer, gave Pointer a post-dated check, which was rejected by the bank on which it was drawn for that reason, and payment was later stopped by Johnson; and when Powers tendered full compliance with the requirements on the title made by Johnson, Johnson wrongfully refused to perform the contract. On the other hand, Johnson charges Powers, and his evidence tends to support the allegation, with breaching the terms of the contract in this respect: Powers did not comply with the requirements made by Johnson and never did put himself in a position to convey good and merchantable title. Powers charges Pointer with breaching the obligation owing by Pointer to him in this: that when Pointer learned that Johnson had breached the terms of the contract by failing to deposit the forfeit money by giving a post-dated check and by later stopping payment on the check, he did not communicate this information to Powers, and because of this Powers was deprived of valuable rights.

At the conclusion of the trial, the trial judge, sitting without a jury, rendered judgment as follows: (1) denied Powers his prayer for specific performance; (2) quieted Johnson's title to his property that he had contracted to convey, but denied him a recovery of damages and denied him the return of the $500, because it is conclusive that he never deposited $500, as the contract required; (3) gave Pointer judgment against Johnson for $100; and judgment against Powers for $100, finding that his breach of obligation toward Powers disentitled him to the full compensation stipulated but entitled him to a lesser sum as having been earned; and (4) rendered judgment against Powers for the costs. Johnson has ap-

pealed, and Pointer has filed a cross-appeal.

Powers did not appeal, and as a consequence we cannot consider the contentions in his brief respecting the error that he alleges was committed in the rendition of the judgment. If the trial court erred in denying him specific performance, and in directing him to pay Pointer $100, and in directing him to pay the costs of the action, he should have taken some steps to call these alleged errors to our attention. The record does not disclose that he filed a motion for new trial, or took any subsequent step by which our attention can be challenged.

We now consider the contentions made by Johnson. He contends that error was committed in denying him judgment for damages, and in directing him to pay Pointer $100.

With respect to the damages claimed by Johnson, he asserts that the trial court found that Powers breached his obligations under the contract, and therefore was not entitled to specific performance, and quieted Johnson's title as respects the obligations of the contract, and that a finding denying Johnson a recovery of damages is inconsistent with these two features of the judgment. We are not sure this is the aspect of the case that the trial judge had in mind when he denied Johnson damages. It is clear that Johnson first breached the contract when he failed to deposit the $500. The trial judge would have been fully justified in refusing him damages on this ground. This eliminates any necessity for weighing the evidence to determine whether Johnson actually sustained any loss as a result of the failure of Powers to furnish title to meet his requirements.

Very little is said in his brief respecting the item of $100 allowed to Pointer. As we view the contract, this sum was due by Johnson to Pointer for negotiating the contract (McKemie v. Cochran, 170 Okla. 17, 38 P. 2d 566), and if it is Johnson's contention that something had to be done thereafter by Pointer to earn the $100, it is only necessary to point out that his breach of the contract was one of the first links in the chain that eventually resulted in nonperformance on the part of either. We think the judgment in this respect is justified by the record.

We now pass to the contentions made by Pointer in his cross-appeal, and in answer to Johnson's appeal.

Since we have approved the action of the trial judge in rendering judgment for Pointer against Johnson for $100, and since that is all that Pointer was entitled to from Johnson under the contract, no occasion exists for discussing that portion of Pointer's brief devoted to this issue.

Pointer contends that as to Powers he was entitled to have judgment for $400 and not $100, because (1) the commission was due him on the negotiation of the contract (McKemie v. Cochran, supra, and other authorities); and the court erred in finding that Pointer did not inform Powers of the failure of Johnson to deposit the $500, as Johnson was required to do, by reason of which Powers was deprived of valuable rights, because there is no evidence to that effect.

We agree with Pointer that the rule in Oklahoma is that a real estate broker has fully performed all that is ordinarily expected of him when he has brought the parties together and has secured a written contract between the parties. McKemie v. Cochran, supra. The contract between the parties hereto was so worded, and provided for the compensation to Pointer to be paid for negotiating the contract.

However, Pointer must also recognize that the rule is equally well established that an agent who fails in his duty to his principal or so conducts himself that the interests of his principal suffer forfeits his right to the compensation stipulated. 3 C.J.S. 77, § 182, and authorities cited therein; and Weleetka L. & W. Co. v. Burleson, 42 Okla. 748, 142 P. 1029. It is pointed out in these authori-

ties, however, that there is a discretion vested in the trial courts, based upon the facts in each case, to judge whether the agent's breach of duty was such as to wholly disentitle him to compensation or whether there should be some allowance. Weleetka L. & W. Co. v. Burleson, supra. Therefore, there is authority as a matter of law for the judgment of the trial court in allowing Pointer less than the stipulated compensation, if the facts justify it.

We do not agree with Pointer's contention that there is no evidence to support the trial court's finding that his failure to notify Powers of the fact that Johnson had given a post-dated check and later had stopped payment on the check had resulted in prejudice to Powers. The evidence is clear that Pointer did not notify Powers of Johnson's breach of the obligation to deposit the $500, and that Powers only learned of it by accident. This was after Johnson had clearly evinced a disposition to so conduct himself that he could withdraw without having his money tied up, and after Powers had spent much time and effort in trying to satisfy Johnson's title requirements in ignorance of Johnson's breach of the contract, and after Johnson had refused to complete the transaction upon the plea that Powers had not satisfied his title requirements. If Pointer had promptly notified Powers of Johnson's breach of the contract, Powers could have exercised his discretion then, and this was a valuable right. We think the trial court's finding is correct. Since Powers has not appealed from the trial court's action in allowing Pointer $100, we do not pass upon whether this was justified by the evidence.

Pointer argues that when an agent has breached his authority or duty toward the principal and the principal thereafter, with full knowledge thereof as Powers had in this instance, ratifies the agent's conduct, he thereby becomes liable to pay the compensation stipulated. He cites 9434, O. S. 1931, 15 O. S. A. § 75; 12 C. J. S. 206, § 90, and authorities cited thereunder. We have considered the text cited, and it seems in a manner to sustain Pointer's argument. However, when the cases cited as supporting the text are examined, it will be found that they all relate to breaches in excess of authority or duty by the agent in the inception of the contract that are later ratified by the principal by adopting what the agent has done. None of them involve facts similar to those here. In this case the agent properly and wholly within the sphere of his authority and duty secured a contract for Powers. Thereafter, he did something that deprived Powers of the advantage of his legal rights under the law of contracts. It is not logical to say that, because Powers still insisted upon trying to enforce the contract that Pointer had secured for him, he thereby ratified or condoned the breach of the agent's obligation whereby he was deprived of legal rights flowing to him from the contract by virtue of the law relating to contracts. When Powers sought to enforce the contract, he was adopting what Pointer had done in bringing him and Johnson to a contractual status, but he was not adopting what Pointer had done in failing to notify him of Johnson's breach. Under Pointer's argument, anything that Powers did after he learned of Pointer's breach of duty would amount to a ratification thereof, and would deprive Powers of his right to contest Pointer's right to receive the stipulated compensation.

For the reason stated, the trial court's judgment must be affirmed as to all parties.

The judgment is affirmed.

CORN, V. C. J., and OSBORN, HURST, and ARNOLD, JJ., concur.