Ed WRIGHT, Plaintiff in Error,

v.

M. W. TURNER, doing business as M. W. Turner Company, Defendant in Error.

No. 37015.

Supreme Court of Oklahoma.

March 20, 1956.

Rehearing Denied Sept. 18, 1956.

A. C. Saunders, R. C. Saunders, Tulsa, for plaintiff in error.

Carlson, Lupardus, Matthews & Holliman, by Paul Pinson, Tulsa, for defendant in error.

HUNT, Justice.

Morris W. Turner, a real estate broker, doing business as M. W. Turner Company, instituted this action in the District Court of Tulsa County against Ed Wright to recover $2,037.50 under a written contract dated December 6, 1951, as a 2½% commission on the sale or exchange of the defendant's real estate. By order of the District Court the case was subsequently transferred to the Court of Common Pleas of Tulsa County. The defendant, Wright, filed an answer and later an amended answer, in which he generally denied plaintiff's allegations, except that he admitted executing the contract sued on and further alleged that the plaintiff, as part of the sale transaction received from F. E. Simmons, purchaser of defendant's property, the sum of

$500 and a promissory note in the sum of $1,537.50, which cash and note was to apply upon the purchase price of the property sold by defendant and for the use and benefit of the defendant, but without the knowledge or consent of the defendant the plaintiff wrongfully converted and appropriated the same to his own use and benefit, and further alleged the plaintiff to be guilty of a breach of trust, fraud and disloyalty as the agent and broker representing the defendant in that plaintiff, with an evil design, conceived the idea of appropriating and converting the cash and note to his own use and falsely and fraudulently claiming that the amount represented the commission which the purchaser Simmons had agreed to pay on the transaction. Defendant further alleged that by reason of such acts the plaintiff had forfeited all rights to any commission and that defendant was entitled to recover from the plaintiff the sum of $500, the note referred to and the amount collected thereon in the sum of $750, and prayed judgment against the plaintiff accordingly.

The plaintiff filed an amended reply denying the allegations of the amended answer, and further alleged that on December 18, 1951, the defendant, Wright, executed a contract to pay the plaintiff the regular 5% sale commission recommended by the Tulsa Real Estate Board, which commission, in the sum of $4,075 defendant was obligated to pay, but concluded his reply with the following statement:

"* * * that as a matter of fact the defendant only owes this plaintiff a 2½% commission; but since the defendant has charged the plaintiff with improper conduct in connection with the matter, plaintiff now pleads the contract, Exhibit 'A' hereto, as a complete estoppel to all the allegations of defendant's answer, and in the alternative prays for 2½% commission from the defendant Wright, or 5% commission in the sum of $4,075.00 from the defendant Wright hereby tendering to him all matters and things received from the said Simmons."

The contract of December 18, 1951, referred to in the plaintiff's reply is entitled "Receipt and Contract of Sale" and recites in part as follows:

"This is to acknowledge receipt from F. E. Simmons, purchaser, * * * of the sum of $500.00 cash and $1537.-50 note due in 90 days for the benefit of Ed Wright, seller, * * * as part payment on the purchase price of the following described real estate * * *."

The instrument is first signed by the plaintiff, M. W. Turner Co., by Pickering, also signed by F. E. Simmons, purchaser, and by the defendant, Ed Wright. Immediately preceding Wright's signature is the following:

"Approval of Owner and Seller: * * * I hereby accept the terms of purchase set out above and acknowledge that the same is a binding contract; and upon closing of the sale I agree to pay forthwith to the above named realtor the regular commission recommended by the Tulsa Real Estate Board, for services rendered and to be rendered in this transaction."

The defendant filed motion to strike and a demurrer to plaintiff's reply, which was overruled with exceptions. The record shows that at a pre-trial of the case the court, at whose motion or why is not shown, ordered stricken from the amended answer of the defendant that portion wherein it is alleged that the plaintiff by appropriating and converting the money and property of the defendant forfeited all rights to any commission, to which action the defendant excepted. Thereafter the defendant filed a verified second amended answer wherein he alleges error in the action of the court in striking such portion of his answer and denies all material allegations of plaintiff's petition, and alleges that plaintiff has been fully paid for all services rendered defendant, and that no sum is due plaintiff.

A jury was impaneled to try the issues and each of the parties introduced their evidence, and at the conclusion thereof the defendant renewed his demurrer to plaintiff's evidence and the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff for the sum of $2,037.-50, and upon consideration thereof the court instructed the jury to return a verdict for the plaintiff in the sum stated, which was done, and judgment was rendered for the plaintiff. Motion for a new trial by defendant was overruled and defendant perfected an appeal in this court.

Plaintiff in Error presents his assignments of error under five propositions:

Proposition No. 1. The court erred in striking the first amended answer and cross-petition wherein defendant Wright alleged and sought to prove disloyalty, fraud, wrong and misconduct of broker and forfeiture of right to commission.

The amended answer of the defendant charged the plaintiff with wilfully taking and appropriating the $500 and the promissory note, which was paid and given as part of the purchase price of defendant's property, under a false and fraudulent claim that it belonged to plaintiff and was paid him by the purchaser, Mr. Simmons, as a commission which he, Simmons, owed. The case of Weleetka Light & Water Co. v. Burleson, 42 Okl. 748, 142 P. 1029, holds:

"1. An agent owes his principal the duty of diligence, integrity, and skill.

"2. A willful and fraudulent failure to account for moneys or property coming into the hands of an agent disentitles him to any compensation for his services; and a lesser degree of the wrong may disentitle him to more than reasonable compensation for the services performed or justify a deduction from the amount named in the contract of employment."

See also Johnson v. Powers, 188 Okl. 508, 111 P.2d 191, and Baird v. Conover, 66 Okl. 288, 168 P. 997.

█ The allegations stricken from the defendant's amended answer constituted a

matter of defense, under which the defendant was entitled to submit evidence, and the court erred in ordering the same stricken.

Plaintiff in Error next contends:

Proposition No. 2. The court erred in allowing plaintiff to file amended reply to defendant's amended answer, thus allowing a departure from the contract upon which plaintiff instituted this suit. Motion to strike reply should have been sustained.

The plaintiff alleged in his petition that on December 6, 1951, he entered into a written contract with defendant to sell defendant's ranch in Okmulgee County and that by the terms of the contract plaintiff was to be paid a commission of 2½% on the sale price upon completion of a sale, and alleged that defendant owed him for such service $2,037.50, and prayed judgment therefor. The contract stipulated that it should be in effect for a period of sixty days. In his reply to the defendant's amended answer the plaintiff alleged that on December 18, 1951, the defendant executed a contract to pay plaintiff a commission of 5% on the sale, which amounted to $4,075, and alleged that defendant was obligated to pay the same. The contract referred to in the reply is partially set forth in a preceding portion of this opinion. The defendant moved to strike the reply for the reason the same is an effort to introduce into the case a matter foreign to the issues and theories upon which the case was filed and the issues made. The motion to strike was overruled with exceptions. The ruling was correct in that the motion was too general and applied to the reply as a whole, which reply contained a general denial, and alleged that the contract of December 18, 1951, which was made a part of the reply, was a complete estoppel to the allegations of defendant's answer. All that portion of the reply which alleges that the defendant became obligated to pay plaintiff a 5% commission was a departure from plaintiff's original petition and action, which was based on the contract of December 6th wherein the commission was fixed at 2½%. Such inconsistent matter in the reply was subject to be stricken on proper motion.

"Under our code of pleading, the cause of action must be stated in the petition, and no recovery can be had on a new and different cause of action set up in the reply, when the departure is attacked by motion to strike or other proper proceedings." Wilson v. Oil Well Supply Co., 111 Okl. 63, 238 P. 415. See also Westchester Fire Ins. Co. v. McDonald, 123 Okl. 289, 253 P. 287.

The Defendant in Error for his third and fourth propositions charges error in the failure of the court to submit the issues to the jury and in directing a verdict for the plaintiff. The trial court, in considering the motion to direct a verdict for plaintiff, stated that he considered the contract of December 18th to have vitiated the prior contract of December 6th. The court apparently concluded that the defendant was obligated under the second contract to pay a 5% commission. The record and law applicable thereto does not support such conclusion. The plaintiff sued on the contract which fixed the sale commission at 2½%, and it was under that contract that the sale was made. There was no consideration for any additional commission. There was no allegation or evidence to the effect that the original contract upon which the suit was instituted was cancelled or modified. Mr. Pickering, who was agent of the plaintiff and who handled the deal, in testifying about a conversation he had with the defendant, Wright, with respect to signing the contract of December 18th said: "I told him that he knew we were not going to hold him for the full 5% but for the 2½%, his part, and so then he signed the contract." The record shows that in handling the sale of defendant's property plaintiff obtained from the purchaser, Mr. Simmons, $500 in cash and a promissory note payable to the plaintiff, Turner, for the sum of $1,537.50, which

cash and note aggregated the exact amount of the 2½% commission which plaintiff was to receive as his commission. The defendant, Wright, testified that plaintiff did not claim that he, defendant, owed any commission for some months after the deal was closed and he, defendant, considered the cash and note obtained and retained by the plaintiff as full payment of the commission and amount due plaintiff for his services. Plaintiff Turner asserts that such money and note was obtained from the purchaser, Simmons, in payment of one-half the 5% commission, which the purchaser agreed to pay under the contract of December 18th. The purchaser testified that he never agreed or contracted to pay any commission on the deal and that the money and note he gave was to apply on the purchase price of the property.

 From an examination of the record and the evidence, we conclude there was sufficient competent evidence to sustain a verdict and judgment for the defendant, Wright, had such verdict been rendered, and conclude that the trial court erred in sustaining the motion of the plaintiff for a directed verdict in his favor, and in rendering judgment for plaintiff against defendant. In Warren v. Brooks, Okl., 263 P.2d 431, it is stated that where the evidence is conflicting the motion for a directed verdict should be overruled, and the syllabus reads as follows:

"It is error to direct a verdict for plaintiff where, admitting the truth of all the evidence given in favor of the defendant, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict should the jury find for the defendant."

The fifth proposition presented by the plaintiff in error charges that the plaintiff failed to comply with the Intangible Tax Law, and calls attention to the case of Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978, 979, which holds:

"In a suit on an account which is subject to the Intangible Tax Law, 68 O.S.1941, §§ 1501–1515, it is error for the trial court to render judgment for plaintiff unless plaintiff has alleged and proven compliance with the requirements of the Intangible Tax Law."

Defendant in error concedes that he did not make the allegation and proof required under the law. Upon the re-trial of this cause, as herein directed, unless plaintiff shows compliance with the Intangible Tax Law, supra, the trial court is directed to dismiss plaintiff's action.

For the reasons herein stated, the judgment of the Court of Common Pleas of Tulsa County is reversed, and the case is remanded to the trial court with directions to grant the defendant a new trial.