BOORIGIE *et al.* v. BOYD.

.No. 3139.    Opinion Filed February 28, 1914.

(139 Pac. 253.)

1.  **COURTS—Records—Verity—Motion for New Trial.** A journal entry purporting to have been duly made, and reciting that a motion for a new trial was heard and denied on the same day that it appears to have been filed, cannot be attacked by a second and subsequent motion filed after the expiration of the time for filing such motions, on the ground that the hearing, if had, and the order, if made, were without announcement by the court, and without opportunity to except; it not affirmatively appearing that the movant's attorney was without notice or knowledge of the court's action.

2.  **NEW TRIAL—Motion—Grounds.** It is not sufficient that an inference may fairly arise, from the facts charged in the second motion, that counsel was without notice of the hearing and the court's ruling. The want of notice should be made to affirmatively and unequivocally appear.

(Syllabus by Sharp, C.)

*Error from County Court, Cherokee County;*
*J. T. Parks, Judge.*

Action by J. S. Boyd against William Boorigie and William Ruttledge. From a judgment in favor of plaintiff, defendants bring error. Affirmed.

*Bruce L. Keenan,* for plaintiff in error.

Opinion by SHARP, C. Plaintiffs in error complain of the action of the trial court in overruling their petition and motion for a new trial, filed seemingly under the following circumstances: A verdict for plaintiff was returned on April 8, 1911, and on April 10th thereafter motion for a new trial was filed by defendants. The journal entry of judgment, it appears, was not filed until May 18th following. This journal entry recites, among other things, that after the verdict was returned, "to wit, on the 10th day of April, 1911, the attorney, Bruce L. Keenan, for defendants, filed a motion for a new trial, which was regularly heard on the 10th day of April, 1911, and, the same having been denied, it is therefore, here and now ordered, adjudged, and decreed that plaintiff have judgment against defendants," etc. On June 28, 1911, execution issued on said judgment, and on the following day defendants filed their petition and motion for a new trial, the overruling of which is assigned as error. This petition for a new trial charges, in effect, that the motion for a new trial was not heard by the court until the journal entry was signed on May 18th. It further states that, if in fact overruled, it was *pro forma,* and without announcement by the court, and without opportunity to except thereto. It is charged that the clerk's record fails to show that any action was taken on the motion for a new trial on April 10th, and from that fact it is urged that the motion for a new trial was not heard or disposed of by the court on that day.

We think the court properly denied plaintiff's second motion or petition for a new trial. If it were affirmatively made to appear that defendants had no opportunity to except to the action of the court in overruling the first motion, and to obtain

time, if desired, in which to prepare and serve a case-made, we should be greatly disposed to grant the relief asked; but, where the duly signed court records affirmatively show that the motion for a new trial was regularly heard and overruled on a given date, such solemn record cannot be disregarded upon the filing of a second motion many weeks afterwards, and after execution had issued. The original motion for a new trial, it appears, was filed in open court by counsel for defendants, and, according to the journal entry of the judgment, was acted upon the same day. The fact that the clerk's record failed to show any action on said motion for a new trial is no evidence of the alleged fact that no such order was made. We must presume, in the absence of a contrary showing, that the court's proceedings were regular. Upon the hearing of the second motion it does not appear that any testimony was taken, or, if so, it has not been preserved in the record. Plaintiff's second petition, while verified, does not affirmatively show that counsel had no knowledge or notice of the court's action, though there is probably sufficient in the motion from which the inference might be drawn that he was without notice of the court's action until May 18th, when the journal entry was filed; but this we hold not sufficient. The want of notice should be made to affirmatively and unequivocally appear, and, as proof of this fact is wanting, we will not impute to the trial court that bad faith which must necessarily attach to its act, if it were made to appear that defendants' motion was overruled, not only in his absence, but without any opportunity being afforded him to except or save his case for review.

Plaintiff below obtained two judgments against defendants, one before a justice of the peace, the other on appeal to the county court. The testimony taken in the county court has not been preserved by bill of exceptions or case-made; only such part of the pleadings and proceedings as deemed necessary by counsel to present the errors complained of being included in the case-made. The case-made, as prepared, not having been served within the statutory time after the overruling of the motion for a new trial, and no extension of time having been asked,

and it not appearing that the court committed any error in denying the second motion, we conclude that the judgment of the trial court should be affirmed.

By the Court:   It is so ordered.