## ROSS v. IRVING et al.

No. 14314—Opinion Filed Nov. 20, 1923.

(Syllabus.)

1. **Judgment—Vacation—Lack of Notice of Trial.**

It is not sufficient grounds upon which to vacate judgment, that neither the plaintiff nor his attorneys of record were notified by the clerk of the court at the time that the case was set for trial.

2. **Appeal and Error—Discretion of Trial Court—Vacation of Default Judgment.**

The trial court is granted a wide discretion in vacating and setting aside judgment rendered during the term of court, and where the party seeks to vacate said judgment and it appears that the case had been regularly set as provided by law, and no rule of court or section of the statute has been violated, although said party was not notified, but had not been misled either by the attorneys for the opposite side or the clerk of the trial court, the application to vacate said judgment is addressed to the discretion of the trial.court, and his ruling thereon will not be reversed by this court.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by George Irving and others against Lucile B. Ross. Judgment for plaintiffs, and defendant brings error. Affirmed.

Twyford & Smith, Ward Goble, and Diamond & Orr, for plaintiff in error.

Pryor, Stokes & Carver, for defendants in error, Geo. Irving, Polly Irving, and Commerce Trust Co.

McNEILL, J. The record in this case disclosed that the issues were made up and settled on May 10, 1922. being the petition of the defendants in error, the answer and cross-petition of the plaintiff in error and reply of the defendants in error; the defendant being represented by Twyford & Smith of Oklahoma City, and defendants in error by Crump & Hall of Holdenville.. The case was regularly set for trial in the district court at Holdenville for December 5, 1922. On said date, no one appeared on behalf of defendant, and the case was continued until the next day, and neither the defendant nor counsel was present, and the court proceeded with the trial. After hearing the evidence on behalf of plaintiffs the court.rendered judgment for plaintiffs and against defendant.

On the 8th day of December, 1922, the defendant filed a motion to vacate said judgment, and alleged the defendant was prevented from prosecuting her cross-petition for the following reasons: That her attorneys lived at Oklahoma City, 100 miles from Holdenville. The only notice the attorneys received of the setting of the case was at three o'clock December 6th, at which time a printed court docket of the district court of Hughes county was delivered to their office through the mail. Immediately upon receipt of said docket, the attorneys wired the district judge it would be impossible for them to be present until December 8th. The record disclosed that the clerk had mailed a copy of the docket, on November 28th, addressed to Twyford & Smith at Oklahoma City, but the same did not arrive at their office until three o'clock on December 6th. The trial court heard the evidence and denied the motion to vacate said judgment. From said order the defendant has appealed.

This court in the case of Tracy v. State ex rel. Fancher, 60 Okla. 109, 159 Pac. 496, stated it is not a sufficient ground upon which to vacate a judgment that neither defendant nor his attorney of record was notified of the time the case was set for trial. See, also, Baker et al. v. Hunt & Co., 66 Okla. 42, 166 Pac. 891.

In the case of Pulaski Oil Company v. Conner, 62 Okla. 211, 162 Pac. 464, this court stated:

"Counsel has the sympathy of the writer in the matter, and yet we are bound to impute negligence to the oversight and the individual litigant must suffer the result of it, rather than that there be laid down a rule so broad as to deprive all default adjudication of any strength. The danger of default is the only guaranty of punctuality in litigants and orderliness in court procedure, and anything less than strictness in the rule of this court in vacating such judgments would undermine trial procedure, and be subversive of public policy."

There is no contention that either the court clerk or the attorney for plaintiffs below, or the judge, in any manner misled the attorneys for defendant below. Under this state of facts the motion to vacate the judgment can only appeal to the discretion of the trial court. The Legislature has prescribed certain duties of the clerk. and since the decisions of this court have announced the above rule, the Legislature has not deemed it proper to change the statutes. This court does not now feel obliged to deviate from those holdings. This is a matter for the Legislature, or the trial judge may make rules regulating the same. but when no statute has been violated, no rule of court violated. and the party has not been misled, either by the attorneys for the opposite side or the clerk of the court,

this court cannot say that the trial court has abused its discretion in failing to vacate said judgment because the parties were not present at the trial.

The plaintiff in error relies upon cases that a party may use the mail in forwarding pleadings and obtaining information regarding. the status of cases pending in courts, and where the mail has been miscarried or missent, the same amounts to unavoidable accident. Those cases might be applicable if the statute or the rule of the trial court required the mailing of notices to nonresident attorneys. It is admitted there is none, so we think those cases have no application.

For the reasons stated, the judgment of the trial court is affirmed.

NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.