## ELIAS v. SMITH.

No. 16598—Opinion Filed May 11, 1926.

**1. Judgment—Petition to Vacate—Burden of Proof.**

The burden of proof rests upon the party who seeks to have the judgment vacated.

**2. Same—Exclusion of Evidence Outside Issue.**

Where a party seeks to have a judgment vacated on the ground of unavoidable casualty or misfortune preventing him from prosecuting or defending, as the case may be, it is not error to exclude evidence tending to show the neglect or omission of the clerk to notify the party of the setting of the case for trial.

**3. Pleading—When Reply Unnecessary.**

Reply need not be filed when answer sets up no new matter.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by J. O. Smith against George Elias. Judgment for plaintiff, and defendant brings error. Affirmed.

Gaylord R. Wilcox, for plaintiff in error.

Wallace & Wallace, for defendant in error.

Opinion by JARMAN, C. The parties will be referred to as they appeared in the trial court. The plaintiff, J. O. Smith, commenced this action against the defendant, George Elias, to recover the sum of $774.90, commission on a contract for the sale of a Marmon automobile. The defendant, by his attorney, A. J. Wildman, filed an answer denying any liability on the contract for the purchase of said automobile, and alleged that the plaintiff had breached and failed to perform his part of the contract, which relieved the defendant of any liability thereon. Several continuances were granted to each of the parties, and, in the meantime, the defendant made a visit to Syria, his native land. During his absence, the case was set for trial by order of the court and neither the defendant nor his attorney was present in court when the case was reached on the docket and called for trial. The plaintiff introduced his evidence and judgment was rendered in his favor for the amount sued for. Thereafter, and at a subsequent term of court, the defendant, by his attorney, Gaylord R. Wilcox, filed a petition to vacate the judgment on the ground "that said judgment was obtained against him by reason of unavoidable casualty and misfortune, which prevented him from defending said action; that the said attorney, A. J. Wildman, withdrew or abandoned said case and left the jurisdiction and closed his law office in Drumright, said county and state, and moved to the town of Shidler in Osage county, state of Oklahoma; that said attorney did not advise the plaintiff that he had withdrawn from said case or that he had abandoned said case, or that he had removed his office from said county." On April 6, 1923, a hearing was had on the petition of the defendant to vacate said judgment, and A. J. Wildman, the attorney referred to, testified as a witness for the defendant. He testified that he was the attorney for the defendant on April 6, 1923, the date when the judgment was rendered in favor of the plaintiff on the merits, and he sought to excuse his failure to appear at the trial on the ground that he was not advised that the case was to be tried at that time, and that he had not received notice of the setting of the case for trial. Other witnesses were offered and the defendant sought to have them to testify that no notice of the setting of the case for trial had been given by the clerk, but this character of testimony was excluded on the ground of irrelevancy. The trial court properly excluded that class of testimony for the reason that the defendant did not seek to have the judgment vacated on tne ground of the "neglect or omission of the clerk," as provided by the third subdivision of section 810, C. S. 1921, but on the ground that the judgment was obtained by reason of "unavoidable casualty and misfortune" which prevented the defendant from defending the action. The evidence of Mr. Wildman showed that he had not abandoned or withdrawn from the case, alleged by the defendant as the ground constituting the "unavoidable casualty or misfortune." It is clear, therefore, that the trial court properly refused to vacate the judgment on the ground of unavoidable casualty or misfortune.

The only other ground assigned for the vacating of said judgment was that the case was not at issue for the reason that no reply had been filed by the plaintiff to defendant's answer, and, therefore, the trial could not be had, and the judgment rendered under such circumstances was void. We have examined the answer filed by the defendant, and it is sufficient to say that the same contained no new matter requiring a reply.

The judgment of the trial court, in refusing to vacate the judgment rendered on April 6, 1923, in favor of the plaintiff, is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 352 § 567. (2) 34 C. J. p. 356 § 572. (3) 31 Cyc. p. 242; 21 R. C. L. p. 554.