### SANDERS et al. v. MATTHEWS.

No. 21612. Opinion Filed May 3, 1932.

Rehearing Denied May 24, 1932.

Application for Leave to File Second Petition for Rehearing Denied June 21, 1932.

Mason, Williams & Lynch, for plaintiffs in error.

Hunt & Eagleton, for defendant in error.

CULLISON, J. Plaintiff instituted suit seeking to recover commission for the sale of real estate, and from a judgment in favor of plaintiff, defendants appeal. The parties will be referred to as they appear in the trial court.

The record discloses that defendants were the owners of certain real property located in Tulsa, Okla., and that they desired to sell or exchange the same. They communicated with certain real estate brokers and negotiations were instituted relative to disposing of defendants' property. After some negotiations a contract was entered into between defendants and J. P. Norton, in which contract the terms and conditions by which defendants' property was to be exchanged for certain other property located in Tulsa were described and enumerated, which said contract was signed by defendants and accepted by the other parties in the real estate exchange. Under the terms of said agreement defendants agreed to pay a commission of $1,062.50 if this trade is consummated. Defendants refused to carry out said contract and plaintiff as the assignee of J. P. Norton instituted this suit, seeking to recover from defendants the amount of commission agreed to in said contract.

A copy of said contract was attached to plaintiff's petition. Defendants answered by

an unverified general denial. The cause came on for trial to the court without a jury. Plaintiff made his opening statement and introduced evidence in support of his cause of action.

Defendants attempted to show a state of facts in the nature of a special defense, which was excluded upon objection by plaintiff. Defendants then sought to file an amended answer, which was refused by the court. Thereupon, at the conclusion of said matter, the court found in favor of plaintiff for the amount of commission designated in said contract.

Defendants, in their appeal to this court, raise three questions of error relative to the trial of said cause. Defendants first contend that the alleged contract to pay commission is not enforceable.

The defense that defendants attempt to interpose under said specification of error is in the nature of a special defense, such as could not be raised under a general denial. If defendants desired to raise a special defense, the same should have been pleaded by defendants in their answer, and since defendants did not so plead said matter in their answer, they were precluded from raising the same in the trial court.

Defendants next contend: That the commission called for under the contract was never earned. Under the terms of the contract the commission was to be paid "if this trade is consummated." Defendants contend that, since the exchange of property was not finally consummated between the parties to said contract, the defendants were not liable for said commission.

The record discloses that after the contract for the exchange of property was entered into, defendants refused to carry out the same; that the other party to said contract for exchange of property was ready and willing to carry out the contract, and so testified. So that we are confronted with the question of whether or not the defendants' refusal to go through with said contract after the agent had secured a party who is ready, willing, and able to carry out the terms of the contract, was such as to release them from liability under the contract.

In the case of Reeser v. Crawford, 147 Okla. 53, 294 P. 181, in passing on a similar situation to the one at bar, this court held:

"Where the owner and broker stipulate that the broker shall be entitled to his commission only in the event that a sale is actually consummated within a specified time, and no sale is completed within the time, the broker is not entitled to his commission if the failure to complete the sale was because the purchaser failed to carry out the contract on his part or because the owner, for reasonable cause, refused to carry it out on his part, but, where the broker finds the purchaser ready, willing, and able to pay the consideration, and offers to complete the sale within the time specified within the contract, the broker is then entitled to his commission, unless it is shown by the seller that he had a reasonable cause for not completing the transaction."

Under the above holding it was incumbent upon the defendants to show that they had a reasonable cause for not completing the transaction. This, defendants failed to do, and by their failure failed to bring themselves within the provisions of the rule of law announced in the case just cited.

Defendants' last contention is that the court erred in excluding testimony offered by defendants.

This question of error deals to some extent with the same matter as considered in defendants' first question of error. Defendants attempted to show certain special defenses, and when the trial judge sustained an objection to defendants' evidence, defendants attempted to amend their answer, which was rejected by the trial court.

The matter of permitting an amendment to pleadings during the trial of a cause is a matter largely within the discretion of the trial judge and unless the discretion of the trial judge was abused this court will not reverse the same on appeal. In the case at bar defendants had filed their answer and they knew what defense they would interpose to said cause, or should have known. Under the well-known rules, where a special defense is to be shown, the same must be pleaded by the party desiring to show the same, and since defendants did not comply with this rule until the trial was well advanced, we cannot say that the trial court abused its discretion in denying the application to amend.

After careful consideration of the record and authorities cited by both sides in said appeal, we hold that the decision of the trial court should be affirmed.

Plaintiff moves the court to enter judgment upon the supersedeas bond filed in said cause, and it is, therefore, considered, ordered, adjudged, and decreed that the plaintiff in the lower court, defendant in er-

ror herein, have and recover upon the supersedeas bond filed in said cause $1,062.50, with interest at 6 per cent. from October 19, 1929, together with all costs of this action.

HEFNER, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1) 21 R. C. L. 568; R. C. L. Perm. Supp. p. 5074; R. C. L. Pocket Part, title Pleading, § 125. (2) annotation in 44 L. R. A. 321, 337; 26 A. L. R. 786; 4 R. C. L. 304; R. C. L. Perm. Supp. p. 1108. (3) 21 R. C. L. 575; R. C. L. Perm. Supp. p. 5075; R. C. L. Pocket Part, title Pleading, § 127.