## SAUTBINE v. JONES et al.

No. 20515. Opinion Filed Jan. 31, 1933.

Walter E. Latimer, for plaintiff in error and defendant in error Sautbine Motor Company on its cross-petition.

F. A. Rittenhouse, Frank E. Lee, John F. Webster, O. R. Rittenhouse, Randal U. Livesay, W. L. Cunningham, D. Arthur Walker, Fred G. Leach, and Wm. E. Cunningham, for defendant in error C. E. Jones.

BUSBY, J. This is an appeal from an order of the district court of Oklahoma county, overruling a motion to vacate a judgment that it rendered.

The action was commenced by the defendant in error C. E. Jones, as plaintiff in the trial court, against the Sautbine Motor Company and C. D. Sautbine as defendants. The plaintiff's petition was filed on the 10th day of February, 1928, and alleges a breach of oral warranty of condition of personal property made in connection with the sale to the plaintiff of a Marmon roadster automobile, and prays for damages in the sum of $1,000. The defendants joined issue by filing a general denial. The cause came on for hearing on October 17, 1928, at which time the defendants failed to appear, either in person or by counsel. Thereupon, the plaintiff waived a jury, and the cause was heard by the court, and judgment rendered in favor of the plaintiff for the amount prayed for. Two days later, and within the same term in which the judgment was rendered, the defendant filed a motion to vacate the judgment, which motion was presented to the trial court on January 5, 1929, and overruled. From the order overruling this motion, the appeal is prosecuted by the defendant Sautbine and a cross-petition in error has been filed by the Sautbine Motor Company.

For the purpose of convenience, parties will be referred to as they appear in the trial court.

The motion to vacate judgment, and the affidavit attached thereto in support of the same, states, in substance, that the defendants had no notice of the setting of the case, and that their failure to learn that the cause was set for trial was due to the fact that Ben C. Arnold, the attorney who filed the original pleading for the defendants, had, from talking to the defendant C. D. Sautbine, "formed the impression that attorney, Walter E. Latimer, was to represent said defendants thereafter in said cause" (quotation from the affidavit of Ben C. Arnold). The motion and affidavit attached show also that Walter E. Latimer was not employed. However, it does not show that the impression obtained by Arnold was a mistaken one, or that the defendants did not tell him that Walter E. Latimer was to represent the defendants thereafter. The motion of the defendants also alleges the existence of a valid defense.

The question here presented is whether the trial court abused its discretion in refusing to vacate the judgment upon this showing.

It is well settled in this jurisdiction that a proceeding to set aside a judgment rendered upon failure of one of the parties to appear is addressed to the sound judicial discretion of the trial court, and the ruling thereon will not be disturbed unless it appears from the record that the trial court abused its discretion. M., K. & T. Railroad Co. v. Ellis, 53 Okla. 264, 156 P. 226, and Bell v. Knoble, 99 Okla. 110, 225 P. 897, and Curtis v. Bank of Dover, 113 Okla. 224, 241 P. 173.

It is also the law in this state that failure to receive notice of the setting of the case does not of itself constitute a sufficient ground upon which to vacate a judgment. Green v. James, 147 Okla. 273, 296 P. 743; MacDonnell v. Maiers, 152 Okla. 244, 3 P. (2d) 681.

Counsel for the defendants earnestly urges in his brief that this case should be governed by the holding announced in the cases of Shuler v. Viger, 103 Okla. 129, 229 P. 280; and McLaughlin v. Nettleton, 69 Okla. 74, 183 P. 416. In the Viger Case, supra, this court held that an honest mistake between a party and his attorney as to the existing relationship of attorney and client, by reason of which the party failed to appear for trial, was a sufficient ground to require that a judgment rendered in their absence be vacated, and in the McLaughlin Case the court decided that it was proper to set aside a judgment rendered in the absence of a party when his attorney withdrew from the cause without notice to him. Neither of these holdings, under the rule announced, applies to the case at bar, for the reason that the record does not show that the client, Sautbine, did not, in truth, advise Ben Arnold that he had procured or expected to procure other counsel. Therefore, it does not appear from the record, either that there was an honest mistake of fact as to the existence of relationship of attorney and client, or that there was a

withdrawal without notice. In the absence of such a showing in the record, this court must hold that the record herein does not present a state of facts which indicate an abuse of discretion on the part of the trial court. It is our opinion, however, that in the practical administration of justice the trial court should in all instances, whenever possible, show some leniency in the application of this rule where good faith is shown to the end that litigants may have a trial upon the merits of their controversies.

It is also urged by the plaintiff in error, that this judgment should be vacated for the reason that the petition filed in the lower court does not state facts sufficient to constitute a cause of action. We have carefully examined this petition, and find that there is no merit in this contention, especially in view of the liberal rule that prevails in determining the sufficiency of a petition when it is first challenged after judgment.

The defendant in error herein has moved the court, in the event the judgment of the trial court is affirmed, to enter judgment herein against the sureties on the supersedeas bond. Under the rules of this court, this is a proper motion, and judgment is hereby rendered against the sureties on the supersedeas bond, Marjorie Sautbine, for the sum of $1,000, with interest thereon at the rate of six per cent. per annum, from the 17th day of October, 1928, and all costs of this action.

For the reasons stated, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS and McNEILL, JJ., absent.

Note.—See under (1) 15 R. C. L. 720; R. C. L. Perm. Supp. p. 3983; R. C. L. Pocket Part, title "Judgments," § 174.