## HAWKINS v. CENTRAL FOUNDRY CO. et al.

No. 25081. Oct. 29, 1935.

J. J. Smith and O. F. Mason, for plaintiff in error.

Ray McNaughton, for defendant in error Central Foundry Company.

PER CURIAM. On February 13, 1932, Central Foundry Company, hereinafter referred to as plaintiff, instituted this action against Duluth Lead & Zinc Company, a corporation, M. E. Richards, and Harry Hawkins, hereinafter referred to as defendants, seeking to recover a judgment against each of the defendants in the amount of $434.31, with interest and attorneys' fees, and to foreclose its materialman's lien against a certain concentration plant and mill and a mining lease, all of which are situated in Ottawa county, state of Oklahoma. With the permission of the court separate answers and cross-petitions were filed by Sam Rosenberg, doing business as Standard Machinery Company, and L. F. Betts Supply Company. To the plaintiff's petition the defendant Harry Hawkins filed his verified separate answer denying generally all the material allegations in plaintiff's petition. He admitted that he was the owner of an undivided one-third interest in the fee to the land, and that he owned a mining lease upon the other undivided two-thirds interest. He also admitted that he was in possession and had prospected and mined the land, and had placed mining equipment thereon. He specifically denied, however, that Henry Bryan had any authority to act as his agent in the making of any contract, or purchasing of machinery and equipment for improvement or repair of the concentration mill or lease. This case was tried without a jury on March 4, 1933, and resulted in a judgment in favor of the plaintiff, which with the judgments of the cross-petitioners obtained in a prior action were established as liens on the mill, plant, machinery, mining lease, and fee of Harry H. Hawkins, Duluth Lead & Zinc Company, and M. E. Richards.

The defendants first urge for reversal of this case that the account upon which plaintiff's action was founded was not properly proved. This contention is based upon section 336, O. S. 1931, which provides that entries and books of account may be admitted in evidence under certain circumstances. And it seems to be the theory of the defendant Hawkins that the manner of proof provided in said section is exclusive. The plaintiff did not introduce its books and records, but H. T. Hornsby, president of the plaintiff, testified that the itemized list of goods sold as shown by the itemized statement attached to the materialman's lien statement was correct. He also stated that the supplies were delivered to the mine in question on the dates set out, and that the balance shown to be due on the statement was correct. The testimony of Mr. Hornsby also showed that the plaintiff had receipts for each individual item delivered, signed by Henry Bryan, who was actively in charge of the operations of the mine and mill. George D. Sayre testified that the materials as shown by the plaintiff's itemized statement were actually delivered and became part of the improvements. The deposition of E. A. Mattes, who was associated with the defendant in the operation of various mines in the Tri-State area, established beyond the question of a doubt the agency of Henry Bryan.

The testimony of these witnesses testifying from their personal knowledge of the transactions, was competent, and in the absence of any testimony on the part of the defendant is sufficient.

This court has held in Howerton v. Joplin Supply Co., 105 Okla. 171, 232 P. 104, that the mode of proof authorized by section 336, O. S. 1931, is not exclusive.

The second assignment of error urges that statutory notice of the setting of this case was not given to the defendant. Section 393, O. S. 1931, provides:

"The clerk shall make out a copy of the trial docket for the use of the bar, before the first day of the term of court, and cause the same to be printed."

There is no evidence in the record in this case affirmatively showing that the statute was not complied with, and a judgment will not be reversed merely upon the contention of counsel that such trial docket was not made out, particularly when there is no showing that the complaining party was substantially prejudiced thereby. It was held in the case of Eagle Loan & Investment Co. v Turner, 113 Okla. 251, 241 P. 138, as follows:

"It is not the duty of the court clerk to notify a party or his attorney of the setting of a cause for trial, and the failure of such clerk to do so is not grounds to vacate a judgment rendered in the absence of such party, or his attorney. Uncle Sam Oil Co. v. Richards, 73 Okla. 328, 176 P. 240. It is only the duty of the court clerk under section 580, supra, to 'make out a copy of the trial docket for the use of the bar before the first day of the term of court, and cause the same to be printed.' The general presumption is that public officers perform their official duties and that their official acts are regular. 22 A. & E. Ency. 1267; Missouri, O. & G. Co. v. Vandivere, 42 Okla. 427, 141 P. 799."

While it is true that counsel in objecting to the case going to trial made a statement to the effect that the statutory notice had not been given, yet the record shows that on December 12, 1932, the case was set for trial for December 20, 1932. On December 19, 1932, by agreement of counsel, the case was stricken to be reset for the latter part of January, 1933. It was reset for February 11, 1933. and on that date was continued to March 4, 1933. It appears from the record that the defendant and his counsel had ample notice of the setting of the case, and that it was from time to time passed and reset, either with the consent of the defendant or at the request of the defendant. His action has certainly waived any objection that he might have to the failure of the court clerk to comply with section 393, O. S. 1931, if in fact the clerk failed to prepare the trial docket.

The third assignment of error urges that the trial judge abused his discretion in overruling the defendant's motion for a continuance. The record in this case shows that after the case was at issue and set for trial, it was stricken from the trial docket and reset, and that on February 11, 1933, the case was continued to March 4, 1933. The defendant predicates his motion for a continuance upon the fact that his counsel did not know defendant's address until a few days prior to the date set for trial, leaving defendant's counsel unable to procure the defendant's testimony by deposition in time for the trial. If the case had not been continued on two or three other occasions for periods of a month or more, it might perhaps seem unreasonable to force the defendant to trial under the precise circumstances. The case was originally set for trial on December 20, 1932, and it would seem that after the case had been stricken by agreement from the setting for that date to be reset the latter part of January, 1933. the defendant and his counsel should have made some arrangements so that the defendant would have ample opportunity to be present at the time of trial, if he so desired. From a reading of the entire record it is apparent that the trial judge did not abuse his discretion in denying the motion for a continuance. The records in the trial court and in this court show that the defendant has been most dilatory. While that is not a reason to deny to the defendant his day in court, that fact when considered in the light of the testimony introduced at the trial makes it apparent that no injustice has been done the defendant.

The cross-petitioners, Sam Rosenberg. doing business as Standard Machinery Company, and L. F. Betts Supply Company, obtained judgments against Harry Hawkins et al. in a prior case. Approximately half of the judgments of these cross-petitioners had been paid by the judgment debtors prior to the trial of the present case. The liens of the judgments of the cross-petitioners were established by the trial court as co-equal with that of the Central Foundry Company, and the trial court ordered the property sold to satisfy the judgments of the plaintiff and of the cross-petitioners. Although the record discloses that a copy of the case-made was served upon counsel representing the cross-petitioners. the cross-petitioners as defendants in error have filed no brief in this cause. Whether their failure to file a brief is occasioned by agreement of counsel, or whether it be by reason of the fact that they may be protected by their prior final judgment, the record in this case is silent. In any event, the brief of the cross-petitioners would undoubtedly be substantially similar to that of the plaintiff, now defendant in error. It is obvious that to direct a reversal of this cause and order a new trial as to the cross-petitioners for failure to file brief under these circumstances would result in an injustice.

The judgment of the trial court is, therefore. affirmed. The Central Foundry Company, having requested in its brief that judgment be rendered against Lee Hawkins and Ralph E. Helper, the sureties upon the supersedeas bond filed herein by the defendant. Harry H. Hawkins. judgment is hereby rendered in favor of Central Foundry Company as against said sureties for the amount of $434.31, with interest thereon at the rate of 6 per cent. per annum. from October 17. 1934, until paid, $75 attorney's fees, and

costs of this action, all as allowed by the trial court. No request having been made by the cross-petitioners for judgment upon the supersedeas bond, the judgment against the sureties is specifically limited to the judgment in favor of the Central Foundry Company.

The Supreme Court acknowledges the aid of Attorneys Roy C. Lytle and J. C. Monnet, Jr., in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lytle and approved by Mr. Monnet. the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur.