### BROCKMAN et al. v. PENN MUTUAL LIFE INS. CO.

No. 26119.    Feb. 2, 1937.

F. E. Riddle, for plaintiffs in error.

Kleinschmidt & Johnson, for defendant in error.

CORN, J. This suit was filed in the district court of Tulsa county, on the 14th day of September, 1932, upon a certain promissory note executed by the defendants, Henry C. Brockman and Nell C. Brockman, for the foreclosure of a real estate mortgage securing the same covering a lot in the city of Tulsa improved by a one-story brick building; the remaining defendants, M. M. Lausen, M. M. Dail, and Metropolitan Motors, Inc., being joined as claiming some right, title, or interest in or to the property in question.

A receiver was appointed for this property on the 1st day of March, 1933, the court finding that the defendants had failed to pay the debt secured by the mortgage, and that the real estate upon sale would probably not bring a sum sufficient to pay the debt of the plaintiff, with interest, attorney fees, and costs.

Thereafter, following various delays and continuances, judgment was rendered on April 25, 1934, foreclosing the mortgage in question, and a personal judgment was rendered on the note against the defendant Nell C. Brockman. A motion to vacate the judgment was filed on April 30, 1934.

The parties will hereafter be referred to as they appeared in the trial court, plaintiffs in error as defendants, and defendant in error as plaintiff.

Defendants' assignments of error are as follows:

"(1) The judgment of the court is contrary to law.

"(2) The judgment of the court is not sustained by sufficient evidence.

"(3) Error of the court in overruling the motion for continuance filed by M. M. Dail, the main defendant in said cause.

"(4) Error of the court in overruling the motion to vacate and set aside said judgment made on the part of the defendant, M. M. Dail, for the reason and on the grounds therein assigned.

"(5) That the said M. M. Dail, the main defendant in said cause and the owner of said property, was entitled to be present at the trial and hearing of said cause and was precluded by unavoidable casualty, and the court committed prejudicial error in denying a continuance in the trial of said cause until she could be present."

Errors of law occurring at the trial cannot be urged in this court from an order of the trial court overruling a motion to vacate judgment. Therefore, the only grounds set forth in said motion to be considered by this court are as follows:

"Defendant further avers that counsel for defendant was before the court on Wednesday morning and had a talk with R. A. Kleinschmidt, attorney for plaintiff, in the courtroom and the said cause went over until the following morning; that counsel for defendant was present in court on the next morning right after the opening of court and attorney for plaintiff was not present; that counsel for defendant herein examined the Legal News and said cause was not set for trial on said date and did not appear in the said Legal News as being on the docket; that counsel for said defendant assumed that said cause had been stricken in that counsel for plaintiff was not present and the court was not busy at said time and had, as counsel was advised, only one case set for trial on that date; that ascertaining the fact that said cause did not appear in the Legal News for trial and counsel for plaintiff not being present, defendant's said counsel went to his office and was in his office until noon; that in the afternoon he left his office about 1:30 o'clock without any notice that said cause would be taken up on said date or that it was on the docket at said time and went to the barber shop; that upon leaving the barber shop he had one or two other appointments which he went to fill and returned to his office between 3:30 and 4:00 o'clock; that he was then notified that he had been called from the courthouse twice in his absence; that thereupon he phoned the clerk's office at the courthouse and was then advised that the court was through the day's work and the judge in division No. 2 was not then holding court; that said defendant or defendant's counsel were not advised by counsel for plaintiff that judgment had been taken in said cause or would be taken in the absence of defendant and defendants' counsel."

In defendants' brief, counsel admits erroneous statements in the motion to vacate the judgment with reference to the setting of the case not being shown in the Legal News, as follows:

"We acknowledge our error in the statement made in regard to the case not being disclosed as set for trial in the Legal News."

The record affirmatively shows the regularity of all proceedings, and that the case was regularly set for trial. It is well settled by decisions of this court that the failure or neglect of counsel to attend the trial under such circumstances does not constitute unavoidable casualty or misfortune and is not ground for vacating the judgment.

In Sautbine v. Jones, 161 Okla. 292, 18 P. (2d) 871, this court held:

"An application to vacate a judgment rendered in the absence of a party to the litigation and his attorney is addressed to the sound judicial discretion of the trial court and will not be disturbed on appeal unless the record shows an abuse of such discretion.

"Mere failure of the defendants or their attorney of record to learn that a case was set for trial does not constitute a sufficient ground upon which to vacate a judgment rendered in their absence."

The defendant having failed to establish any statutory grounds for vacating the judgment, the lower court would in no event have been warranted in sustaining the motion.

The judgment of the trial court is affirmed.

· OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., absent.