### 43443. MONTGOMERY v. DIXON.

FELTON, Chief Judge. 1. The petition of the lessee stated a cause of action against his landlord for damages resulting from the falling of the ceiling because of defects in the original construction of the leased premises, which building was alleged to have been negligently constructed "under the supervision and upon the order of" the defendant landlord. See *Monahan v. Nat. Realty Co.,* 4 Ga. App. 680 (1, 7) (62 SE 127); *Nat. Distributing Co. v. Ga. Indus. Co.,* 106 Ga. App. 475, 477 (2) (127 SE2d 303).

The lease contained the following provision: "Lessee accepts or will accept the leased premises in their present condition or when completed as per plan specification and that premises are suited for the uses intended by the lessee. Lessee shall, at his own expense, keep and maintain the said premises and appurtenances and every part thereof, in good order and repair except portions of premises to be repaired by lessor under terms of paragraph 12." This provision cannot be reasonably construed to mean that the lessee assumed the risk of such negligent construction as is alleged in the petition.

2. (a) Where the action was served on September 21, 1966, the automatic default as of October 21, 1966, was not opened on or before the 15-day deadline of November 7, 1966, as provided by *Code Ann.* § 110-401 (Ga. L. 1799, Cobb, 486, as amended), and the court rendered a default judgment on November 8, 1966, the court did not err in its judgment of December 22, 1966, overruling the defendant's motions to open the default and to arrest said judgment, filed on November 9, 1966, except to the extent of allowing the establishment of the amount of damages, as provided by said Code section.

(b) The defendant's motions did not state grounds or make a showing sufficient to have authorized the court's discretionary opening of the default with regard to the issue of liability under the provisions of *Code Ann.* § 110-404 (Ga. L. 1895, p. 45; 1946, pp. 761, 777). The sole ground urged was that November 8, 1966, was General Election day in Georgia, on which day the defendant was not permitted by law to transact business in connection with his business as a retail liquor dealer, and that he thus had until the close of business on November 9, 1966, within which to pay the costs and open his default as a matter of right.

3. The court did not err in its judgment overruling the defendant's pleadings filed subsequently to the last day on which the default could have been opened under *Code Ann.* § 110-401, the only issue remaining thereafter being that of the amount of damages.

4. Accordingly, the court did not err in rendering its final judgment for the plaintiff on November 7, 1966, after hearing evidence on the issue of the amount of damages, a jury trial having been waived.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED APRIL 16, 1968— REHEARING DENIED MAY 2, 1968—CERT. 

*Bloch, Hall, Groover & Hawkins, Denmark Groover, Jr.,* for appellant.

*J. Sewell Elliott, Robert A. Sapp,* for appellee.