**Gene CRUSSELL, d/b/a Crussell Construction Co., Appellee,**

v.

**Jim W. OSBORN, Bobbie T. Osborn, and Louis J. Modica a/k/a Bob Masters, Appellants.**

**No. 51488.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 27, 1979.

Lyons & Dean by Tony Jack Lyons, William T. Witt, Legal Intern, Pryor, for appellee.

Parks & Beard by Curtis A. Parks, James A. Williamson, Tulsa, for appellants.

BOX, Judge:

An appeal by Louis J. Modica, a/k/a Bob Masters, defendant, from an order by the trial court overruling a motion to vacate a default judgment in favor of Gene Crussell, d/b/a Crussell Construction Company, plaintiff.

On July 20, 1976, plaintiff contracted to perform remodeling improvements on real estate owned in joint tenancy by defendant and two other defendants at the trial level, who are not participating in this appeal. The contract price for said services was $5,000.00 and, on September 27, 1976, plaintiff filed a Mechanics and Materialman's Lien in the amount of $5,059.02.

On January 24, 1977, plaintiff filed a verified petition to foreclose his Mechanics and Materialman's Lien against defendant. Defendant was served with summons, and

an attorney for defendant filed an entry of appearance, on February 22, 1977, and an answer, on March 25, 1977. Said attorney for defendant filed an application to withdraw from the case, due to a conflict of interest, and, on June 28, 1977, the District Court ordered that she be allowed to withdraw.

On June 28, 1977, the date set for trial of the above case, the District Court granted a default judgment against defendant, for failure to appear. The court found that defendant had personally received notice of the time and place for the trial, and of his attorney's intent to withdraw from the case. On July 14, 1977, defendant filed a motion to vacate the default judgment, through a new attorney. On September 6, 1977, a hearing was held on the motion to vacate and said motion was overruled.

Defendant asserts, on this appeal, that: (1) The trial court abused its discretion in refusing to grant the motion to vacate the judgment; and (2) the trial court was without authority to grant an attorney's fee in the amount of $1,500.00 without receiving evidence as to the value of the services rendered.

Defendant urges that the trial court abused its discretion in refusing to grant the motion to vacate judgment pursuant to Title 12 O.S.1971, § 1031.

 The vacation of a default judgment rests within the sound discretion of the trial court, and requires a balancing of the judicial need to compel defendant's appearance and adherence to orderly process against the law's preference for litigation on the merits. *Drabek v. Comet Development Co.*, Okl.App., 560 P.2d 595 (1976). A much stronger showing of abuse of discretion is required where a judgment has been set aside than where such action has been refused. *Burroughs v. Bob Martin Corporation*, Okl., 536 P.2d 339 (1975). In that the judgment was not set aside in the instant case, we examine this appeal under the weaker standard for abuse of discretion. *Anderson v. Ticknor*, Okl.App., 571 P.2d 1245 (1977).

In the case at bar, defendant's attorney was allowed to withdraw on the same day that the litigation was set for trial. Plaintiff states in his brief that defendant had been notified by said attorney, "around" June 22, 1977, of her intent to withdraw and of the date of trial. The trial court made a finding "that notice of the time and place of the trial was personally given to the defendants by their counsel . . .." Defendant notes, in his brief, that the record contains no documentation of communication between the withdrawing attorney and defendant regarding the trial date.

It appears from the record that, if defendant received notice of the trial date and the withdrawal of his attorney from the case, the notice received came only a very short time prior to the set time for trial. Under these circumstances, a person, not an attorney, may not know what to do and should have time to obtain adequate counsel and representation.

 Default judgments are never favored, and it is the policy of the law to afford every party to an action an opportunity to present his side of the case. *Yeagley v. Brewer*, Okl.App., 551 P.2d 312 (1976); *Burroughs v. Bob Martin Corporation*, supra.

 It is further noted that the trial court is without authority to award an attorney's fee in the absence of evidence as to the value of an attorney's services or a contract provision specifying the amount of the fee to be awarded. *Mid-State Homes, Inc. v. Jackson*, Okl., 519 P.2d 472 (1974); *Sarkeys v. Haas*, Okl., 402 P.2d 894 (1965).

 In light of all of the above, we find the trial court abused its discretion and the cause is reversed and remanded with instructions to sustain defendants' Motion to Set Aside the Default Judgment and set this matter for trial on the merits.

REVERSED AND REMANDED.

ROMANG, P. J., and REYNOLDS, J., concur.