**Lonnie W. DAVIDSON and Ida M. Davidson, husband and wife, Plaintiffs–Appellees,**

**v.**

**A.L. GREGORY et al., Defendants,**

**and**

**William Burris, Defendant–Appellant.**

**No. 65146.**

Supreme Court of Oklahoma.

May 31, 1989.

As Corrected June 5, 1989.

Rehearing Denied Oct. 3, 1989.

William H. Campbell, Oklahoma City and Robert T. Hardcastle, Wilburton, for defendant-appellant.

Benjamin J. Curtis, Poteau, for plaintiffs-appellees.

OPALA, Vice Chief Justice.

The dispositive issue tendered on certiorari is whether the appellant, whose efforts to secure a default judgment's vacation

failed in both lower courts, met his burden to prove noncompliance with the Rule 10 notice requirement.[1] We answer in the negative.

## I

## THE ANATOMY OF LITIGATION

William Burris [Burris], one of multiple defendants in a mortgage foreclosure suit, *filed an entry of appearance* in the case on July 28, 1980 and demurred to the petition the following month.[2] At Burris' request his lawyer withdrew from the case in May 1981. The matter came to trial on January 11, 1983. According to the terms of the journal entry filed April 8, 1983, the trial court foreclosed the mortgage, established priority of lien interests and ordered the land sold. Finding Burris as well as a number of other defendants in default, the court ruled *"that* [certain] ... *Defendants* ... having been duly served herein, as prescribed by law, *appear not and make default."* [Emphasis added.] Burris next filed his *pro se* response to the notice of the postdecree sheriff's sale.

Burris moved to vacate the default foreclosure decree on April 18, 1985, alleging as grounds two irregularities within the meaning of 12 O.S.1981 § 1031 (Third):[3] (1) the plaintiffs did not give him notice of their intent to take default judgment, which is required by Rule 10,[4] and (2) the journal entry erroneously stated that he "appear[ed] not" when in fact he had filed an entry of appearance in the case. The plaintiffs' response to the motion states that Burris had been given notice of all proceedings at the address shown on the disputed mortgage, as well as at an out-of-

---

1. See *infra* note 7 for the pertinent terms of Rule 10, Rules for District Courts of Oklahoma.

2. The record does not disclose if or when Burris' demurrer was overruled.

3. The pertinent terms of 12 O.S.1981 § 1031 (Third) are:

"The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

\* \* \* \* \* \*

Third. For mistake, neglect or omission of the clerk or *irregularity in obtaining a judgment* or order. \* \* \*" [Emphasis added.]

4. See *infra* note 7 for the pertinent provisions of Rule 10, Rules for District Courts of Oklahoma.

state address, and that proper notice had been published and posted on all the property. The trial court denied Burris' motion because of laches in its prosecution, finding that while Burris "may have a legitimate [vacation] claim," he failed to show why he waited more than two years after judgment to seek vacation relief.[5]

## II

### THE COURT OF APPEALS' OPINION

Affirming the trial court's postdecree order on a different ground, the Court of Appeals held that Burris was not entitled to Rule 10 notice of the plaintiffs' intent to take default judgment because, as a cause that had been regularly set on the trial docket, this suit falls within one of the classes explicitly exempted from the Rule 10 notice requirement.[6] The appellate court noted that while there was nothing in the record before it to show the case had been regularly set for trial when it went to default judgment, it could presume from a silent record both a prior regular trial assignment as well as Burris' receipt of that assignment's copy.

We affirm the trial court's denial of relief because Burris had failed to prove a Rule 10 notice violation. As the allocation of the burden of proof that governs a § 1031 vacation proceeding based on failure to give Rule 10 notice presents an issue of first impression, we grant certiorari to settle this point of law by a precedential pronouncement.

## III

### THE MORTGAGE FORECLOSURE DECREE SOUGHT TO BE VACATED WAS NOT SHOWN TO FALL DEHORS A CLASS EXPLICITLY EXEMPTED FROM THE RULE 10 NOTICE REQUIREMENTS

The Rule 10 procedure for giving notice before default judgment is taken consists of two distinct components—a motion-cum-notice requirement and certain exemptions from the notice mandate.[7] In the first paragraph Rule 10 strikes solely at default judgments sought to be taken *dehors the regular trial docket assignment setting*—i.e. either at *a motion docket or at some "special setting".*[8] Its strictures require that, *if* the defendant previously appeared or filed a motion or pleading in the case

---

**5.** The trial court thought Burris guilty of laches because, even though he initiated the vacation quest within the statutory 3–year period, he had not earlier complained (when he objected to the foreclosure sale on August 8, 1983) of plaintiffs' noncompliance with Rule 10 as a § 1031 (Third) irregularity. Although the trial judge cited no Oklahoma authority for laches as a bar to vacation relief in a § 1031 (Third) proceeding—and we know of none—the theory is not without support in other jurisdictions. See *DeRyt v. DeRyt,* 6 Ohio St.2d 31, 215 N.E.2d 698, 705 [1966]; *Alexander v. Hutchins,* 158 Minn. 391, 197 N.W. 754, 755 [1924]; *Grant v. Grant,* 233 S.C. 433, 105 S.E.2d 523, 527 [1958]; *Montgomery v. Dixon,* 117 Ga.App. 736, 161 S.E.2d 899, 901 [1968]; *Morris v. Morris,* 82 Ga.App. 384, 61 S.E.2d 156, 159 [1950]; *Kane v. Stallman,* 209 Minn. 138, 296 N.W. 1, 3 [1941]. For case law holding to the contrary, see *Central Cleaners and Dyers v. Schild,* 284 Ill.App. 267, 1 N.E.2d 90, 94 [1936]; *Greer v. Ludwick,* 100 Ill.App.2d 27, 241 N.E.2d 4, 11 [1968]. We express *no* opinion about the appropriateness of applying laches to this case—a theory that was raised by the plaintiffs but not pressed in opposition to the vacation motion. We affirm the trial court's denial of vacation relief on other grounds.

**6.** See *infra* note 7 for the pertinent provisions of this Rule 10 exception.

**7.** Rule 10, Rules for District Courts of Oklahoma, 12 O.S.1981, Ch. 2, App., provides in pertinent part:

"In matters in default in which an appearance, general or special, has been made or *a motion or pleading has been filed, default shall not be taken until a motion therefore* [sic] *has been filed* in the case and until five (5) days [sic] notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown....

Notice of taking default is not required where the defaulting party has not made an appearance. Also, *notice of taking default is not required in* the following cases even if the defaulting party has made an appearance: ... (5) *any case that is at issue and has been regularly set on the trial docket* in which neither the other party nor his or her attorney appears at the trial; ..." [Emphasis added.]

**8.** See *supra* note 7 for the pertinent provisions of Rule 10, Rules for District Courts of Oklahoma.

and *if* default is to be taken against him at a time *other* than pursuant to a prior regular trial assignment, a motion to take judgment by default must be filed and five days' notice of its setting served on the party in default or his counsel.[9] The Rule 10 exemption applicable here—the *fifth exception* listed in the second paragraph—governs cases which are *at issue* and *have been regularly set for trial*.[10] In litigation standing in this posture judgment may be taken without Rule 10 notice compliance against anyone then in default.

∎ A case is *at issue* for trial setting purposes when the issues are made up or when the defendant has failed to plead within the time allowed by law or by an order of the court.[11] The record does not contain Burris' answer to the petition. It shows only that he (a) made a July 1980 entry of appearance, (b) interposed a demurrer to the petition and (c) filed a *pro se* response to the August 1983 sheriff's sale.

∎ An appellant bears the responsibility for incorporating into the appellate record all materials necessary to secure corrective relief from a trial court's adverse decision.[12] Because *the record does not include any other of Burris' responsive pleading*, we must presume here that, when the case went to trial, it did then stand at issue—as to him—for want of an answer.

∎ Under our statutory regime for trial setting the court clerk has the duty to prepare a trial docket before every regular court session and to make available a copy of that docket for the use of the bar.[13] Faced with no contrary record trail, we must assume this case had been regularly set for trial and went to judgment pursuant to such prior assignment.[14] Error may not

---

**9.** Burris misreads the text and *incorrectly* ascribes to Rule 10 a notice sweep that would cover everyone "who has made an appearance" in the case. His vacation motion states in part: "5. The Defendant, William Burris, would show the Court that Rule 10 ... requires notice to *be given to anyone who has made an appearance,* whether general or special, and that *default shall not be taken until a motion has been filed in the case in 5 days* [and] notice of the date of the hearing is mailed to such party." [Emphasis supplied.]

**10.** See *supra* note 7 for the *fifth exception* in the second paragraph of Rule 10, Rules for District Courts of Oklahoma.

**11.** See 12 O.S.1981 § 666 *infra* note 13; see also *Cunningham v. Cunningham,* Okl., 571 P.2d 839, 841 [1977].

**12.** *Eckel v. Adair,* Okl., 698 P.2d 921, 924 [1985]; *Hamid v. Sew Original,* Okl., 645 P.2d 496, 497 [1982].

**13.** See 12 O.S.1981 §§ 663, 664 and 666, *infra,* for the statutory provisions affecting the docketing of cases for trial.
§ 663 provides in part:
"A *trial docket shall be made out by the clerk of court,* at least twelve (12) days before the first day of each term of the court, and *the actions shall be set for particular days* in the order prescribed by the judge of the court, and so arranged that the cases set for each day shall be considered as nearly as may be on that day." [Emphasis added.]
§ 664 provides:
"The *clerk shall make out a copy of the trial docket for the use of the bar,* before the first

day of the term of court *and cause the same to be printed."* [Emphasis added.]
§ 666 provides in part:
"... When the issues are made up, or *when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket,* and *if it be a trial case shall stand for trial* at such term *ten (10) days after the issues are made up,* and *shall, in case of default stand for trial forthwith ...."* [Emphasis added.]
See also 20 O.S.1981 § 1304A, which provides for publication of dockets in counties with a population of 200,000 or more.
See also *Concannon v. Hampton,* Okl., 584 P.2d 218, 220 [1978]; *Sautbine v. Jones,* 161 Okl. 292, 18 P.2d 871, 872 [1933]; *Hall v. Price,* 136 Okl. 202, 277 P. 239, 241 [1929]; *Ross v. Irving,* 96 Okl. 124, 220 P. 642 [1923]. Mere failure of the defendants or their counsel to learn of the trial setting does not constitute a sufficient ground upon which a judgment rendered in their absence may be vacated. See *Eagle Loan & Investment Co. v. Turner,* 113 Okl. 251, 241 P. 138, 139 [1925]; *Sautbine v. Jones, supra* 18 P.2d at 872; *Hawkins v. Central Foundry Co.,* 174 Okl. 397, 50 P.2d 685, 686 [1935]; *Brockman v. Penn Mut. Life Ins. Co.,* 179 Okl. 98, 64 P.2d 1208, 1209–1210 [1937]; *Tulsa Rock Co. v. Williams,* Okl., 640 P.2d 530, 532 [1982].

**14.** See *Missouri, O. & G. Ry. Co. v. Vandivere,* 42 Okl. 427, 141 P. 799, 800–801 [1914]; *Eagle Loan & Investment Co. v. Turner, supra* note 13, 241 P.2d at 139; *Hawkins v. Central Foundry Co., supra* note 13, 50 P.2d at 686; *Brockman v. Penn Mut. Life Ins. Co., supra* note 13, 64 P.2d at 1209–1210.

be predicated on silence; it must be affirmatively demonstrated.[15]

So far as we know, when judgment was rendered against him, Burris was in default both for *want of pleadings* and also for *nonappearance at trial.* Because noncompliance with Rule 10 is not apparent from the sparse record before us, we are again constrained to assume that all the elements necessary to qualify for the Rule 10 exception were met. The appellate record, viewed in its entirety, is *completely consistent* with the notion that judgment was rendered concurrently against *all* defendants, including Burris, pursuant to a prior regular trial assignment. Further support for this view may be drawn from the fact that *nearly as many defendants appeared at trial as those who were declared to be in default.* The journal entry shows *Burris to have been one of fifty-eight defendants against whom judgment was taken by default,* while nearly 50 others appeared to contest in person or by counsel. *Moreover, the record Burris designated for review contains neither a motion for default judgment nor other paper trail of some special setting for taking judgment by default against Burris alone.*

## IV

## REQUIREMENTS FOR ESTABLISHING WANT OF RULE 10 NOTICE AS A GROUND FOR VACATION

A party seeking a judgment's vacation clearly bears the burden to bring a case within the parameters of § 1031 relief.[16] It is the *vacation movant who must overcome the law's presumption of regularity that attaches to a judgment and to the judicial proceedings that precede it.*[17] A postjudgment claim for want of Rule 10 notice raises an irregularity within the meaning of § 1031 (Third), whose presence will not be found from a silent record. The vacation claimant, who bears the onus of establishing such irregularity,[18] must prove the judgment rendered against him (or her) was in violation of the Rule 10 notice requirement. Because Rule 10 allows several exemptions from its ambit, clearly included in the vacation movant's burden is proof that (a) the case comes within the strictures of the Rule 10 mandatory notice standards, (b) the movant is included within the class protected by that rule and (c) *the procedural posture in which the case stood at the taking of default judgment did not bring it within*

15. *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 725 [1986]; *Eckel v. Adair, supra* note 12, at 924; *Hamid v. Sew Original, supra* note 12, at 497; *Curtin v. Moroney, infra* note 17, 246 P. at 236. See in this connection *Boorigie v. Boyd,* 41 Okl. 550, 139 P. 253–254 [1914], where error was asserted on the ground the clerk's record failed to show any action was taken on a motion for new trial. The court held that a journal entry—reciting that the new trial motion was heard and denied on the same day it was filed—is not vulnerable to an untimely attack if it does not affirmatively appear that the movant's counsel was without notice or knowledge of the court's action.

16. The court in *Welden v. Home Owners Loan Corporation,* 193 Okl. 167, 141 P.2d 1010, 1012 [1943], held that on "motion to vacate the judgment the burden is on the movants, to prove by clear, cogent and convincing evidence that the original judgment ..." is subject to vacation. See also *Morrison v. Swink,* 128 Okl. 97, 261 P. 209 [1927] (syllabus 1); *Garvin v. Heath,* 125 Okl. 118, 256 P. 745, 747 [1927]; *Elias v. Smith,* 117 Okl. 273, 246 P. 409 [1926] (syllabus 1).

17. On appeal we *indulge in the presumption that a trial court's decision is correct and the proceedings are regular.* Thus, every fact not negatived by the record must be presumed to support the trial court's judgment or order. See, e.g. (a) absent a complete appellate record *all* presumptions *are in favor* of the trial court's judgment (*Homeland Realty Co. v. Robison,* 39 Okl. 591, 136 P. 585 (syllabus ¶ 6) [1913]; *Cox v. Warford,* 34 Okl. 374, 126 P. 1026, 1027 [1912] ); *Farmers' & Merchants' Bank of Coweta v. Sharum,* 21 Okl. 863, 97 P. 555, 556 [1908]; *Board of Com'rs of D County v. Wright,* 8 Okl. 190, 57 P. 203 (syllabus ¶ 3) [1899] ); (b) a presumption will *not* be indulged in *against* the record where the error does not appear on its face and the legal argument is indefinite and obscure (*Curtin v. Moroney,* 117 Okl. 276, 246 P. 232, 236 [1926] ) and (c) every reasonable presumption is *in favor* of the regularity of the proceedings of the nisi prius courts (*Moroney v. Tannehill,* 90 Okl. 224, 215 P. 938, 942 [1923] ). *Boorigie v. Boyd, supra* note 15, 139 P. at 254.

18. See *Welden v. Home Owners Loan Corporation, supra* note 16, 141 P.2d at 1012.

*any of the Rule's exceptions from the notice-giving requirements.*[19]

■ To meet his burden Burris was required to show both want of Rule 10 notice as well as the fact that when the case was heard and went to default judgment against him it had not come up pursuant to a prior regular setting in conformity with the statutory regime.[20] Because the court clerk's records showing want of a prior regular trial assignment would not appear in an ordinary court case file, vacation claimant must procure the necessary documentary evidence from the court clerk's office and then introduce it in evidence at the hearing on the § 1031 vacation quest.[21] Burris did not offer below the requisite proof to show that when reached for default decree his case was neither at issue nor had been regularly set for trial. He hence failed to meet the law's burden to prove that his suit was not explicitly exempted from the Rule 10 notice requirement.

In sum, noncompliance with the rule's mandatory terms is an *irregularity* within the meaning of § 1031 (Third).[22] The law's presumption that a case came on for trial and went to judgment pursuant to a prior regular trial setting will not be withheld from an appellate record (or from a judgment roll) silent or inconclusive with respect to the Rule 10 notice compliance. Because Burris did not meet the proof required of a movant seeking vacation relief under § 1031 (Third) for want of Rule 10 notice, he failed to establish a statutory ground for setting aside the default foreclosure decree. To put it in a nutshell, on this record, the Rule 10 notice was not Burris' due.

## CERTIORARI IS GRANTED; THE OPINION OF THE COURT OF APPEALS

"The *contents of an official record* or of a document authorized to be recorded or filed and actually recorded or filed, including data in any form, if otherwise admissible, *may be proved by copy,* certified as correct in accordance with ... [§ 2902] *or testified to be correct* by a witness who has compared it with the original. If a copy which complies with this section cannot be obtained by the exercise of reasonable diligence then other evidence of the contents may be given." [Emphasis supplied.]

The terms of 12 O.S.1981 § 2902 provide in part:

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

\* \* \* . \* \* \*

4. A *copy of an official record* or report *or entry therein* ... certified as correct by the custodian or other person authorized to make the certification ... \* \* \*". [Emphasis added.]

See also *In re Estate of LaSarge,* Okl., 526 P.2d 930, 933 [1974]; *State v. Freeman,* Okl., 440 P.2d 744, 759 [1968].

**19.** The principle governing a movant's burden of proof for *postjudgment* vacation relief is vastly different from that which applies to the allocation of *onus probandi* and of the pleading burden in *prejudgment* stages.

At the *postjudgment* vacation stage, sound public policy, the stability of solemn judgments of courts, and the security of litigants demand that where vacation is sought under § 1031 (Third), the burden is upon the movant to overcome the presumption of correctness that attaches to the trial court's decision and to the proceedings by clear, cogent, and convincing evidence. *Welden v. Home Owners Loan Corporation, supra* note 16, 141 P.2d at 1012; see also *Cox v. Warford, supra* note 17, 126 P. at 1027. A different rule applies to the *allocation of the pleading burden in prejudgment stages.* E.g., in a cause of action where the statute contains an exception in the enacting clause, the exception must be negatived in the pleading, but not so where the exception is added by a proviso. In the latter instance, it is a matter of defense and need not be negatived. See *North v. Haskett,* 202 Okl. 146, 211 P.2d 279, 282 [1949], which governs the allocation of burden in pleading a statutory cause of action, and *Sanders v. Matthews,* 157 Okl. 223, 12 P.2d 873, 874 [1932], which addresses itself to the burden of pleading an affirmative defense.

**20.** See 12 O.S.1981 §§ 663, 664 and 666, *supra* note 13; see also *Concannon v. Hampton, supra* note 13, at 220; *Sautbine v. Jones, supra* note 13 at 872; *Hall v. Price, supra* note 13, 277 P. at 241; *Ross v. Irving, supra* note 13.

**21.** The terms of 12 O.S.1981 § 3005 are:

**22.** See *Yeagley v. Brewer,* Okl.App., 551 P.2d 312, 313–314 [1976], where the Court of Appeals affirmed the vacation of a default judgment under 12 O.S.1971 § 1031 (Third), *supra* note 3, for want of Rule 10 notice. See also *Crussell v. Osborn,* Okl.App., 592 P.2d 984, 985 [1979], and *Singleton v. LePak,* Okl., 425 P.2d 974 [1967], where § 1031 grounds were applied to vacate a default judgment. *LePak, supra,* was based on failure to meet Rule 10 requirements.

.IS VACATED AND THE TRIAL COURT'S POSTDECREE ORDER DENYING VACATION RELIEF IS AFFIRMED.[23]

HARGRAVE, C.J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., dissent.

ALMA WILSON, Justice, dissenting:

District Court Rule 10, *first*, generally defines the parameters for setting aside judgments in the district court, and *secondly*, contains provisions *excepting* the operation of the general rule under certain specified circumstances. The rule states:

**Rule 10. Notice of taking default judgment**

*In matters in default in which an appearance, general or special, has been made* or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and *five (5) days notice* of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown....

Notice of taking default is not required where the defaulting party has not made an appearance. Also, *notice* of taking default is *not required in the following cases even if the defaulting party has made an appearance:* 1) Any case, whether a matrimonial action or otherwise, in which waiver of summons and entry of appearance has been filed; 2) any case prosecuted under the small claims procedure for money judgment or possession of personal property; 3) any forcible entry and detainer case, whether or not placed on the small claims docket; 4) any probate or juvenile proceeding; *5)*

*any case that is at issue and has been regularly set on the trial docket in which neither the other party nor his or her attorney appears at the trial;* 6) any case as to any party who has filed a disclaimer; 7) any garnishment proceeding; and 8) any statutory proceeding following the rendition of final judgment in a case.... [Emphasis supplied.]

The exceptions, (including No. 5, *above*, at issue herein), partake the nature of special or affirmative defenses which operate against the the general rule requiring notice before a default judgment is permitted. Matters in the nature of special defenses must be pleaded by the [party] seeking to secure the advantage thereof. *See, e.g., Sanders v. Matthews*, 157 Okl. 223, 12 P.2d 873 (1932). Thus, while the party who files a motion must *prima facie* show the cause falls within the general parameters of Rule 10, the burden of proving facts to secure the advantage of an exception from the general rule should be placed upon the party affirmatively relying upon such special exception to defeat the general notice requirement, and not upon the party resisting application of the exception.

I dissent because the majority impermissibly allocates the burden of proof.

I have been authorized to state that SIMMS and SUMMERS, JJ., join in the views expressed herein.

---

**23.** Even when given for the wrong reasons, a trial court's decision will be affirmed if it reaches a correct result. *Utica Nat. Bank & Trust v. Assoc. Prod.*, Okl., 622 P.2d 1061, 1066 [1981].