## RUNYAN et al. v. HECKER et al.

### No. 27070. April 13, 1937.

Edward Clark and W. R. Withington, for plaintiffs in error.

I. L. Harris and Ted R. Elliott, for defendants in error.

CORN, J. This is an appeal from the district court of Oklahoma county. Plaintiffs in error, John L. Runyan, Cora M. Runyan, and H. E. Nichols, on October 1, 1931, filed suit against B. J. Hecker et al. to quiet title to lots 43, 44 and 45, in block 6, Central addition to Oklahoma City, Okla.

No summons was issued in said action against any of the defendants. None of them were served either by personal service or by publication, but on September 16, 1933, defendant Hecker filed an answer and cross-petition claiming the title to said property. No reply was filed to same. Thereafter, on April 9, 1934, Hecker took judgment against plaintiffs in error by default on his cross-petition. Motion to set aside said default judgment was filed by plaintiffs in error on the 28th day of April, 1934, same being filed at the same term at which said default judgment was taken. Said motion was heard on the 8th day of October, 1935, and was by the court overruled.

The parties will be referred to as they appeared in the trial court.

A part of said motion to vacate judgment is as follows:

"* * * That the plaintiffs herein originally employed W. R. Withington as their attorney, but that later they talked to another attorney, Mr. George M. Nicholson of Oklahoma City, Oklahoma, about said case, and that the said W. R. Withington, attorney, was under the impression that plaintiffs intended to employ the said George M. Nicholson, but that the name of the said W. R. Withington, attorney, still remained on the docket of this court as representing the plaintiff herein, and that the said W. R. Withington did not recall definitely whether the plaintiffs herein had made definite arrangements with the said George M. Nicholson. but was under the impression that the said George M. Nicholson was going to look after said case.

"That as a matter of fact no definite arrangements had been made with the said George M. Nicholson to look after said case. That because of the misunderstanding between this plaintiff and the said W. R. Withington and George M. Nicholson as to who was looking after said case, he was not notified by either of said attorneys of the setting of said case for trial, and did not know of the setting of same.

"That on the day before said case was set for trial, one, Dr. J. R. Phelan, who was acting as the agent of the defendants and interested in obtaining judgment in said case, called up said W. R. Withington and told him George M. Nicholson, attorney, was looking after the matter and would be down there at the district court to attend the trial, and because of said statement the said W. R. Withington did not go to the district court and look after said case, and thereupon the said Dr. Phelan caused his attorneys to take a default judgment in the matter without advising them or the court of his statement to the said W. R. Withington.

"That such action on the part of the defendants and their agent, the said Dr. J. R. Phelan, induced the said W. R. Withington to remain away from the trial of said case and constituted a fraud upon the plaintiffs and upon the court and prevented these plaintiffs from having their day in court."

It would serve no useful purpose to discuss the evidence introduced at the hearing to vacate said judgment. While the same is conflicting, there is ample evidence, when considered with the lack of proof by the plaintiff, to show sufficient statutory grounds for vacating said judgment, to sustain the judgment of the trial court.

In Sautbine v. Jones, 161 Okla. 292, 18 P. (2d) 871, cited and relied upon in Brockman v. Penn Mutual Life Ins. Co., 179 Okla. 98, 64 P. (2d) 1208, it was held:

"An application to vacate a judgment rendered in the absence of a party to the litigation and his attorney is addressed to the sound judicial discretion of the trial

court and will not be disturbed on appeal unless the record shows an abuse of such discretion.

"Mere failure of the defendants or their attorney of record to learn that a case was set for trial does not constitute a sufficient ground upon which to vacate a judgment rendered in their absence."

Judgment of the trial court affirmed.

OSBORN, C. J., and RILEY, PHELPS, and HURST, JJ., concur.