**V. J. DRABEK, Appellant,**

v.

**COMET DEVELOPMENT COMPANY,
Appellee.**

**No. 49348.**

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 19, 1976.

Released for Publication by Order of
Court of Appeals Nov. 13, 1976.

Stephen Jones, Enid, for appellant.

Don Porter, Oklahoma City, for appellee.

ROMANG, Judge:

V. J. Drabek (plaintiff) appeals from an order of the District Court vacating a default judgment in his favor against Comet Development Company (defendant). We affirm the action of the District Court.

The default judgment was entered on a petition alleging breach of certain express and implied warranties of fitness for a particular purpose. It was entered on December 31, 1975 (the same day the motion for a default judgment was filed). Based on the defendant's Motion to Vacate the Default Judgment it was set aside by order of the District Court on January 14, 1976.

Plaintiff argues that the District Court abused its discretion in setting aside the default judgment. Vacation of a default judgment rests in the sound discretion of the trial court. *Burroughs v. Bob Martin Corp.,* 536 P.2d 339 (Okl.1975). The vacating of a default judgment requires a balancing of the judicial need to compel the defendant's appearance and adherence to orderly processes against the laws preference for litigation on the merits. The Supreme Court, as recently as June of 1975, set out

". . . those matters and reasons that justified or sustained the granting of an application to vacate a default judgment, as follows: in proceedings of this character each case must depend on the facts of the particular case; default judgments are never viewed with favor; litigated questions should be tried on their merits; it is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause; an application to vacate a judgment, under 12 O.S.1971, § 1031, is addressed to the sound legal discretion of the trial court, and an order vacating said judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion; such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused." *Burroughs,* supra, pp. 342–343.

No special equity is alleged in this appeal and the predicate for the allegations

of abuse of discretion is that the trial court should have held the defendant to the answer date. We agree that the trial courts have responsibilities to protect the judicial process from abuse by reluctant defendants. But that responsibility depends on a totality of the circumstances uniquely in the competence of the trial court. Sanctions short of a default judgment have been used to protect the judicial process and the plaintiff.[1]

We find no abuse of discretion by the trial court and affirm the order.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.

---

1. It is noted that in *Burroughs,* supra, the trial court set aside the default judgment and ordered the defendants to pay the court costs including a $1000 attorneys fee to be assessed as costs.